## NATIONAL FAMILY INSURANCE COMPANY v. PATRICIA MUELLERLEILE, TRUSTEE FOR THE HEIRS OF SOPHIE HINDERSCHEID, AND ANOTHER.

242 N. W. 2d 598.

May 7, 1976—No. 45866.

*Korman & Peterson* and *O. C. Adamson II*, for appellants.
*David W. Nord*, for respondent.

Heard before Rogosheske, Todd, and Breunig, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Defendants, Patricia Muellerleile, trustee, and Henry J. Hinderscheid, appeal from a declaratory judgment that a policy issued by National Family Insurance Company (National) did not afford coverage for claims arising out of the death of Sophie Hinderscheid while a passenger in the family automobile being driven by her husband, Henry. National claimed, and the trial court ruled, that it was not obliged to defend and indemnify

Henry against the claims of Sophie's trustee for her wrongful death because of an exclusion in the policy, and that the statute in effect at the time of the accident did not preclude such an exclusion. We reverse.

The facts are not disputed. Relevant portions of the parties' agreed case are as follows:

"On May 7, 1971, Henry J. Hinderscheid was driving a 1967 Dodge Coronet 500 automobile on Interstate 35 in Rice County, Minnesota, when a collision occurred between that car and a 1967 Pontiac driven by Roger Speikers. As a result of this collision, Sophie Hinderscheid, the wife of Henry J. Hinderscheid, who was a resident of the same household * * * was killed.

"The automobile being driven by Henry J. Hinderscheid was insured by National Family Insurance Company under its policy of insurance number 215 116, issued February 11, 1971 and to expire August 11, 1971.

\* \* \* \* \*

"Patricia Muellerleile, as Trustee for the heirs of Sophie Hinderscheid has commenced a civil action for the wrongful death in the [District] Court against Henry J. Hinderscheid. Henry J. Hinderscheid has demanded that National Family Insurance Company defend him in that action."

The company denied coverage, basing its denial upon the following policy language:

"Part I—LIABILITY

"Coverage A * * * To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

A. bodily injury * * * including death resulting therefrom * * * sustained by any person; * * * arising out of the ownership, maintenance or use of the owned automobile * * *, and the company shall defend any suit alleging such bodily injury * * * which are payable under the terms of this policy, * * *.

\* \* \* \* \*

342

"Definitions: Under Part I:

" 'named insured' means the individual named in Item 1 of the declarations and also includes his spouse, if a resident of the same household.

\* \* \* \* \*

"Exclusions: This policy does not apply under Part I: \* \* \*

\* \* \* \* \*

(k)   to bodily injury to the named insured as defined herein."

The trial court held that exclusion (k) has the effect of depriving the named insured, Henry J. Hinderscheid, of the coverage which otherwise would be afforded to him by the policy.

The parties agree that the policy language clearly excludes coverage in this case. The only issue is whether such an exclusionary clause was prohibited by statute. In 1969, the Minnesota Legislature adopted L. 1969, c. 474, § 1, entitled *"An act relating to insurance; forbidding the household or family exclusion in automobile insurance,"* which provided:

"No policy of automobile liability insurance as defined in Minnesota Statutes, Section 72A.141, written or renewed after July, 1, 1969, shall contain an exclusion of liability for damages for bodily injury solely because the injured person is a resident or member of an insured's household or related to the insured by blood or marriage. *Nothing contained in this section shall prohibit issuance of a policy excluding coverage for a named driver."* (Italics supplied.)

The 1969 act was in effect at the time of the issuance of the National policy involved and at the time of the accident in question.

In 1971, the Minnesota Legislature adopted L. 1971, c. 719, § 1, entitled *"An act relating to insurance; forbidding certain exclusions of liability in automobile liability insurance policies;* amending [L. 1969, c. 474, § 1]," which provided:

"Subdivision 1.   (a)   No policy of automobile liability insurance as defined in section 72A.141, written or renewed after July 1, 1969, shall contain an exclusion of liability for damages for

bodily injury solely because the injured person is a resident or member of an insured's household or related to the insured by blood or marriage.

"(b) No policy of automobile liability insurance as defined in Minnesota Statutes, Section 72A.141, written or renewed after July 1, 1971, shall contain an exclusion of liability for damages for bodily injury sustained by any person who is a named insured, except where such injury is sustained by a named insured who is driving the insured automobile at the time such injury is sustained. Nothing contained in this subdivision shall prohibit an insurer from issuing a named driver exclusionary endorsement voiding the policy wherein the insured automobile is being driven by the excluded driver."

The 1971 act was not in effect at the time of the issuance of the policy or at the time of the accident.

The sole issue is whether or not the language of the policy upon which the denial of coverage is based is prohibited by L. 1969, c. 474, § 1.[1]

In ruling that the 1969 statute did not prohibit the named insured exclusion in this policy, the trial court stressed that the 1969 provision prohibited only those policy clauses which preclude coverage "solely because the injured person is a resident or member of an insured's household." The court reasoned that the present policy did not preclude coverage for injury to a spouse *solely because* she was a resident or member of the insured's household, but rather, because she was a named insured. Since subdivision 1(b) of the 1971 act prohibits policy provisions excluding liability coverage for injuries sustained by "any person who is a named insured," the trial court reasoned that the passage of the 1971 provision reflected the legislature's understanding that the 1969 law did not prohibit named insured exclusions, even though the result of such exclusions could be identical to

---

[1] L. 1969, c. 474, § 1, as amended by L. 1971, c. 719, § 1, has been repealed by L. 1974, c. 408, § 33.

that which the legislature was seeking to prevent by barring household exclusions under the 1969 law. In other words, court inferred that the purpose behind enactment of the 1971 provision was to extend the 1969 prohibition to policy terms such as the one involved here, and that the later act would have been superfluous if the earlier act were already applicable to such terms. We find the trial court's interpretation of these two statutes and its conclusion to be clearly erroneous.

A careful reading and comparison of the 1969 and 1971 provisions make it clear that the legislative purpose in enacting the latter was to allow insurers to prevent drivers from recovering for self-inflicted injuries. The last sentence of the 1969 provision, otherwise reenacted in identical form in subdivision 1(a) of the 1971 provision, was deleted from the latter. That sentence had stated: "Nothing contained in this section shall prohibit issuance of a policy excluding coverage for a named driver." Instead, the new language enacted in subdivision 1(b) of the 1971 law provided that while, in general, coverage for injuries to a named insured may not be excluded, such an exclusion is permissible where the injured named insured "is driving the insured automobile at the time such injury is sustained."

Because we find that the legislative intent reflected in the 1971 provision was to permit insurers to preclude coverage for a named insured who is injured while driving the insured vehicle, and not to expand upon the language prohibiting household exclusions in the 1969 provision, we do not construe that earlier language as narrowly and literally as the trial court did. The broad language in the title of the 1969 act— "An act * * * forbidding the household or family exclusion"—indicates that the trial court's emphasis on the word "solely" in the body of the provision is misplaced. As counsel for National conceded, the effect of the policy terms at issue was undeniably to exclude coverage for Sophie's death because of her status as a resident and member of Henry's household; the insurer should not be permitted to circumvent the legislative prohibition through the device of

defining household members as "named insureds," then excluding coverage for injury to "named insureds." For this court to countenance such a subterfuge would be to sanction a clear violation of the legislative intent manifest in the 1969 provision, and to contravene the fundamental principle that in interpreting a statute, we should not exalt form over substance, nor adopt literal constructions contrary to the general policy and objectives of the law. See, generally, 17B Dunnell, Dig. (3 ed.) § 8943.

The policy language here under consideration was prohibited by the 1969 act, so Henry J. Hinderscheid was entitled to coverage under his insurance policy for claims arising out of the death of his wife, Sophie, while a passenger in the family automobile.

Reversed.