**Donald WORM, Respondent,**

v.

**WACONIA FARM SUPPLY, et al., Relators.**

**No. 48779.**

Supreme Court of Minnesota.

Aug. 10, 1979.

**573**

Cousineau, McGuire, Shaughnessy & Anderson, James R. Waldhauser and William F. Davern, Minneapolis, for relators.

John C. Wallraff, Minneapolis, for respondent.

Heard before ROGOSHESKE, KELLY, and SCOTT, JJ., and considered and decided by the court en banc.

PER CURIAM.

The employee in this certiorari appeal by the employer-insurer admittedly suffered a work-related back injury on October 26, 1976, and an adjudicated compensable reinjury on January 13, 1977. His weekly wage at the time of both injuries was $165. The issue raised is whether Minn.St.1975, § 176.-645, and Minn.St.1977, § 176.645, which provide for yearly cost-of-living adjustments in disability benefits commencing October 1, 1976, and every October 1st thereafter, require an increase in his compensation rate of 66⅔ percent of his weekly wage, despite the fact that his work-related injuries occurred subsequent to October 1, 1976. The issue is controlled by *Krumm v. R. A. Nadeau Co.*, 276 N.W.2d 641 (Minn.1979), where we held that the rate of compensation where the employee was entitled to maximum benefits was intended by the legislature to be adjusted by cumulatively adding the cost-of-living adjustment commencing retroactively to October 1, 1976, even though the employee's work-related injury occurred on June 30, 1977. We can ascertain no qualifying legislative intent where the employee's compensation benefits are less than the maximum.

It is argued that where such benefits are less than the maximum allowed by law the legislative objective will have the result that an employee, who during employment presumably receives annual cost-of-living increases in his wages to keep up with inflation, will qualify for a compensation rate equal to or in excess of his gross weekly wage for a compensable injury occurring some 8 years after October 1, 1976. While hypothetically such a result can occur, it is necessarily based on speculative factors. Moreover, if it does occur, the problem and its solution clearly require legislative consideration and resolution.

Affirmed.