**In the Matter of Jeffrey P. HALL, Respondent,**

v.

**CITY OF CHAMPLIN, Relator.**

No. C2–89–1355.

Court of Appeals of Minnesota.

Jan. 23, 1990.

Review Granted March 22, 1990.

Jeffrey P. Hall, pro se.

Gregory J. Hellings, Asst. Champlin City Atty., Babcock, Locher, Neilson & Mannella, Anoka, for relator.

Hubert H. Humphrey, III, Atty. Gen., Merwin Peterson, Asst. Atty. Gen., St. Paul, for respondent Com'r of Veterans Affairs.

Heard, considered and decided by KALITOWSKI, P.J., and HUSPENI and GARDEBRING, JJ.

## OPINION

KALITOWSKI, Judge.

### FACTS

Respondent Jeffrey P. Hall is a disabled veteran. On February 3, 1989, he applied for a position as a full-time laborer with the City of Champlin. Gerald Ruppeluis, Director of Public Works for the city, reviewed Hall's application along with 107 others for two open laborer positions. Hall was among the top 15 applicants but was not one of the top eight who was chosen to be interviewed. The two applicants who were ultimately chosen for the positions from among the eight interviewed had both previously worked for the city.

The city hires employees under a personnel ordinance as allowed by Minn.Stat. § 412.111 (1988). It does not have a civil service system and does not use a competitive civil service examination in hiring. Mr. Ruppelius testified at the veterans preference hearing that he used the city's personnel ordinance in selecting the two laborers. He stated that he hired the two who were selected because he knew the quality of their work, their work habits and their relationship with the other employees. They were selected solely on the basis of individual fitness and merit. They also had past experience of working this job as they both had worked as laborers during the summer season. Mr. Ruppelius did not apply a veterans preference to any of the applicants.

Hall was notified on February 16, 1989, that he had not been chosen for the position of public works laborer. On February 23, 1989, Hall filed a petition with the Commissioner of Veterans Affairs claiming he was denied his veterans preference rights under Minnesota law.

After a veterans preference hearing on May 12, 1989, the administrative law judge (ALJ) concluded that Hall, as a disabled veteran, should have been given the advantage of ten veterans preference points. He found that if Hall had been given these points, he would have been hired by the city as the best candidate for the laborer positions. The ALJ recommended that the city immediately hire Hall. The Commissioner accepted the recommendation of the ALJ and ordered the city to employ Hall as a laborer. The city employed Hall, but now appeals the Commissioner's order.

### ISSUE

Does Minnesota's veterans preference statute apply to a municipality which operates under a personnel ordinance hiring system?

### ANALYSIS

The city claims that the veterans preference statute applies only to governmental units that have adopted the civil service system of hiring. Since the city operates under a personnel ordinance hiring system, and not a civil service system, it is not required to give veterans preference to job applicants.

In reviewing an administrative agency decision, an appellate court may affirm, reverse or modify the decision pursuant to Minn.Stat. § 14.69 (1988). Agency decisions are presumed correct by the court, out of deference to agency skill and technical expertise. They will be reversed only when they reflect an error of law or when the findings are arbitrary and capricious or are unsupported by the evidence. *Crook-*

*ston Cattle Company v. Minnesota Department of Natural Resources,* 300 N.W.2d 769, 777 (Minn.1980).

Where the issue is one of statutory interpretation, a reviewing court is not bound by the agency's determination. In matters involving an agency's interpretation of its governing statute, however, "[w]hen the meaning of a statute is doubtful, courts should give great weight to a construction placed upon it by the Department charged with its administration." *Mammenga v. State of Minnesota Department of Human Services,* 442 N.W.2d 786, 792 (Minn. 1989) (quoting *Krumm v. R.A. Nadeau Company,* 276 N.W.2d 641, 644 (Minn. 1979)).

Regarding veterans preference, Minnesota statutes provide, in pertinent part:

> Recognizing that training and experience in the military services of the government and loyalty and sacrifice for the government are qualifications of merit which cannot be readily assessed by examination, a veterans preference shall be available pursuant to this section to a veteran as defined in section 197.447.

Minn.Stat. § 43A.11, subd. 1 (1988).

> The provisions of [Minnesota Statutes] section 43A.11 granting preference to veterans in the state civil service shall also govern preference of a veteran under the civil service laws, charter provisions, ordinances, rules or regulations of a county, city, town, school district, or other municipality or political subdivision of this state, * * *. Any provision in a law, charter, ordinance, rule or regulation contrary to the applicable provisions of section 43A.11 is void to the extent of such inconsistency.

Minn.Stat. § 197.455 (1988).

The veterans preference is accomplished by adding five points to a non-disabled veteran's examination score and ten points to the score of a disabled veteran. Minn.Stat. § 43A.11, subds. 3, 4 (1988).

The city argues that veterans preference only applies to the civil service method of hiring employees which utilizes competitive examination resulting in a numerical ranking.

In Minnesota, a city council has the power to establish a reasonable policy governing employment of its personnel. Minn. Stat. § 412.111 (1988). The city claims that it created a personnel ordinance system which is designed to select, promote and retain public employees on the basis of individual fitness and merit and not on an examination or ranking system. Therefore, the city argues, it is not required to give veterans preference.

We disagree. The statute which provides for local personnel ordinance systems states that "[t]his provision does not modify the laws relating to veterans preference * * *." Minn.Stat. § 412.111 (1988). We conclude that municipalities which create local personnel ordinance systems pursuant to section 412.111 may not disregard veterans preference rights.

Further, neither Minn.Stat. § 43A.11 nor § 197.455 restricts the application of veterans preference in hiring to those governmental units that use a civil service system. First, Minn.Stat. § 43A.11 grants preference in hiring to all veterans as defined in section 197.447. It does not distinguish between those veterans who seek employment in governmental units which use the civil service system and those who seek employment in governmental units which do not.

The legislature expressly exempted certain public positions from the veterans preference laws. These laws do not apply to veterans in the position of:

> private secretary, teacher, superintendent of schools, or one chief deputy of any elected official or head of a department, or to any person holding a strictly confidential relation to the appointing officer.

Minn.Stat. § 197.46 (1988). We find that if the legislature wanted to also exempt veterans who apply for positions in cities that do not use a civil service system of hiring, it would have expressly done so in the statute.

Secondly, Minn.Stat. § 197.455 applies to all governmental units, not just those which use the civil service system of hiring. Minn.Stat. § 197.455 states that veterans'

preference shall govern "under the civil service laws, charter provisions, ordinances, rules or regulations of a county, city, town, school district or other municipality or political subdivision of this state, * * *." The city argues that this language indicates that veterans preference only applies to civil service laws, civil service charter provisions, civil service ordinances, etc. We disagree.

The language of section 197.455 and the history of the veterans preference statute demonstrate that the legislature did not intend to limit veterans preference only to those municipalities that use the civil service systems type of examination. The second sentence in section 197.455 states in part: *"[a]ny* provision in a law, charter, ordinance, rule or regulation contrary to the applicable provisions of section 43A.11 is void to the extent of such inconsistency." (emphasis added). The plain language of this sentence indicates the statute applies to all laws, charters, ordinances, rules and regulations and not just those created under civil service systems. Section 43A.11 creating and defining veterans preference is also unrestricted. It can be assumed that it applies to all governmental units in this state, not just those with civil service systems. If the legislature wanted to restrict veterans preference rights to governmental units with civil service systems, it could have explicitly stated this in section 43A.11 and in the second sentence of section 197.455. Since it did not, we read the statute broadly to apply to all governmental units and not just those with civil service systems.

The history and purpose of sections 43A.11 and 197.455 also suggest that the legislature did not intend to restrict veterans preference to governmental units with civil service systems. In construing statutes, the intention of the legislature may be ascertained by considering among other matters, "the mischief to be remedied; the object to be attained; and the former law, if any, including other laws upon the same or similar subjects." Minn.Stat. § 645.16(3), (4), (5) (1988).

Prior to 1975, a veteran who applied for a nonstate public position in the State of Minnesota and qualified for the position had an absolute right to be hired over a nonveteran. Minn.Stat. § 197.45 (1974). In 1975, the legislature abolished absolute veterans preference and created a statewide, uniform policy of veterans preference in hiring. Minn.Stat. § 197.455 (Supp. 1975). Veterans who applied for employment in all governmental units were given the same preference rights as veterans who applied for positions in the state's civil service. They were granted preference points as now set out in section 43A.11. We agree with the Commissioner of Veterans Affairs that there is nothing in the legislative history indicating the legislature intended to completely abrogate the veterans preference hiring rights of veterans applying for positions in governmental units that do not have a civil service system. *See* Op. Atty Gen. 644–G (October 12, 1979).

Minn.Stat. § 43A.11 makes it clear that a veterans training, experience, loyalty and sacrifice for the government are qualities that deserve recognition in employment. This policy should apply uniformly throughout the state and not just to those governmental units which use a civil service system of hiring.

Finally, the city argues that the veterans preference only applies to positions filled as a result of competitive examinations using numerical ratings. Since the city does not use an "examination" applying a numerical rating, the city argues there is no basis to give applicants such as Hall veterans preference points.

For the policy reasons discussed above, the city's argument is misguided. In addition, regardless of the hiring system used by the city, it should be adjusted to a 100–point basis to allow for the allocation of veterans preference points pursuant to section 43A.11. Op.Atty.Gen. 644–G (October 12, 1979).

It is clear that the City of Champlin gave no preference to veterans in its hiring process. It, therefore, violated the Minnesota Veterans Preference Act.

## DECISION

The Commissioner of Veterans Affairs correctly found Hall was wrongfully denied his veterans preference rights in hiring by the city of Champlin.

Affirmed.