**In the Matter of: Jeffrey P. HALL, Respondent,**

v.

**CITY OF CHAMPLIN, Petitioner, Relator.**

**No. C2–89–1355.**

Supreme Court of Minnesota.

Nov. 30, 1990.

Babcock, Locher, Neilson & Mannella, Gregory J. Hellings, Champlin City Atty., Anoka, for relator.

Merwin Peterson, Asst. Atty. Gen., St. Paul, for respondent.

Carla Heyl, St. Paul, amicus curiae for League of Mn. Cities.

**WAHL, Justice.**

This appeal by relator City of Champlin (city) challenges a determination by the Commissioner of Veterans Affairs (commissioner) that the city violated the Veterans Preference Act by failing to award Jeffrey Hall veterans preference points when he applied for the position of laborer with the city. The court of appeals affirmed the decision of the commissioner. We affirm the decision of the court of appeals.

Respondent Jeffrey Hall is a disabled veteran within the meaning of Minn.Stat. § 43A.11, subd. 5. On February 3, 1989, along with 108 other applicants, he applied for one of two positions of laborer advertised by the city. Hall was one of the top 15 applicants considered by the city, but was not among the top eight selected to be interviewed and was not hired. The city, operating under its personnel ordinance, hired on the basis of written application and an informal rating of interviewed candidates. The city gave no preference to applicants who were veterans.

Hall petitioned the Commissioner of Veterans Affairs under Minn.Stat. § 197.481 (1988) to enforce his veterans preference rights under Minn.Stat. § 43A.11 (1988). After a contested case hearing, the administrative law judge (ALJ) concluded that the city could not avoid the Veterans Preference Act by enacting an ordinance that does not provide for a competitive open examination; that the city violated sections 197.455 and 43A.11 by failing to use an examination process that would have added 10 preference points to Hall's score; and that the 10 points would have entitled Hall to a laborer's job. The Commissioner ordered the city to hire Hall. The city complied with the order but sought review.

The court of appeals affirmed the commissioner's order, holding that section 197.-455 applies to all governmental units and that the city must adjust its hiring system to a 100-point basis to allow for allocation of the veteran's preference points required by section 43A.11. This court granted the city's petition for review and the motion of the League of Minnesota Cities (League) to file an amicus curiae brief.[1]

The appeal, while specifically asking whether the city violated the Veterans Preference Act by failing to award the petitioner veteran's preference points when he applied for the position of laborer with the city, raises the broader issue as to whether Minn.Stat. §§ 43A.11 and 197.455, which provide for the granting of preference points to veterans applying for employment with political subdivisions of the state, apply to all political subdivisions in the state or only to those which have civil service systems.

The Veterans Preference Act reads, in relevant part:

**43A.11 VETERAN'S PREFERENCE**

Subdivision 1. **Creation.** Recognizing that training and experience in the military services of the government and loyalty and sacrifice for the government are qualifications of merit which cannot be readily assessed by examination, a veteran's preference shall be available pursuant to this section to a veteran as defined in section 197.447.

\* \* \* \* \* \*

Subd. 3. **Nondisabled veteran's credit.** There shall be added to the competitive open examination rating of a nondisabled veteran, who so elects, a credit of five points provided that the veteran obtained a passing rating on the examination without the addition of the credit points.

Subd. 4. **Disabled veteran's credit.** There shall be added to the competitive open examination rating of a disabled veteran, who so elects, a credit of ten points provided that the veteran obtained

1. In its brief the League of Minnesota Cities states that it has a membership of 794 out of 854 cities of Minnesota and represents the common interests of those cities before the courts, and other governmental bodies.

a passing rating on the examination without the addition of the credit points.

Section 197.455 provides:

**197.455 STATE LAW APPLICABLE.**

The provisions of section 43A.11 granting preference to veterans in the state civil service shall also govern preference of a veteran under the civil service laws, charter provisions, ordinances, rules or regulations of a county, city, town, school district, or other municipality or political subdivision of this state, except that a notice of rejection stating the reasons for rejection of a qualified veteran shall be filed with the appropriate local personnel officer. Any provision in a law, charter, ordinance, rule or regulation contrary to the applicable provisions of section 43A.11 is void to the extent of such inconsistency. Sections 197.46 to 197.48 shall not apply to state civil service.

To construe these statutes, we find it useful to view them in historical context and in light of the policy and purpose of the legislative enactment. Since 1907, it has been the policy of the state to grant veterans preference in hiring. Chapter 263, 1907 Minn.Gen.Laws, provided for an absolute veterans hiring preference which applied to all governmental units in the state, including cities such as Champlin. Subsequently, in 1939, the legislature adopted a modified rather than an absolute preference for state civil service. 1939 Minn.Gen.Laws ch. 441, § 31; *see* Minn. Stat. § 43.30 (repealed and reenacted as Minn.Stat. § 43A.11 in 1981) Under this modified veterans preference law, veterans applying for state employment received preference points added to their examination rating: ten points added to the rating of a disabled veteran; five points added to the rating of nondisabled veterans.

Until 1975, governmental subdivisions remained obliged to grant absolute hiring preference to veterans who were capable of performing the duties required and were of good character. Minn.Stat. § 197.45, subd. 2 (1974). In 1975, however, the legislature amended Minn.Stat. § 43.30, repealed section 197.45 and adopted section 197.455, making the modified point-based preference applicable to political subdivisions as well as to the state civil service system. 1975 Minn.Gen.Laws, ch. 45.

The city and the League argue that the veterans hiring preference, which was absolute as to all political subdivisions of the state until the 1975 amendment, now no longer applies, even in its modified version, to political subdivisions such as the City of Champlin which choose, as permitted by statute, to adopt personnel hiring systems other than a civil service system. This is a misreading of the statute. The plain words of section 197.455 provide that section 43A.11 shall govern preference of a veteran under charter provisions, ordinances, and rules or regulations, as well as civil service laws, of the political subdivisions of this state.

The city argues that section 197.455 applies only to political subdivisions which have civil service systems because section 43A.11 requires a "competitive open examination" which can only refer to the formal, written examination required by a civil service system. There is little support for this contention. We have recognized that the intent of the legislature is not to be defeated by placing a narrow or technical construction upon words if the context and purpose of the statute as a whole indicate that they were used in a popular sense with a broader meaning. *Governmental Research Bureau v. Borgen*, 224 Minn. 313, 322, 28 N.W.2d 760, 765 (1947). Here, there is ample support for the conclusion that the legislature did not, by its use of the words, "open competitive examination" intend to restrict application of veterans preference to cities with civil service systems, but intended a broader application.

In 1975, when the legislature adopted section 197.455, referencing section 43.30, it simultaneously amended section 43.30 to provide that "[a]n open competitive examination is an examination open to current employees and non-employees of the state or political subdivision." 1975 Minn.Gen. Laws, ch. 45; Minn.Stat. § 43.30 (1975). Further, although Minn.Stat. ch. 43A gives no definition of "examination," Minn.Stat.

ch. 44, governing municipally adopted civil service systems, includes interviews as an appropriate form of examination. Minn. Stat. § 44.07, subd. 1 (1988). Most cities conduct an "examination" of some kind during the hiring process, as did the city in this case, by reviewing applicant's qualifications and informally ranking applicants after oral interviews. Even under the absolute preference statute, cities conducted "examinations" of the veteran applicant to determine whether the veteran was competent to do the job required and of good character. Minn.Stat. § 197.45, subd. 2 (1974).

Contrary to the city's assertions at argument, nothing in the legislative history indicates a legislative intent to completely abrogate veterans hiring preference with respect to one group of veterans.[2] Such intent is highly improbable in light of the state's longstanding commitment to reward military service by awarding veterans a preference in hiring. A legislative intent to abrogate this preference as to some political subdivisions is also unlikely because in enacting chapter 45 in 1975, the legislature left intact the closely related veterans hearing rights provision in section 197.46 which applies to "the several counties, cities, towns, school districts and all other political subdivisions of the state."

Both parties and the League agree that the legislature intended, in its 1975 enactment, to create a uniform system for the application of veterans preference in hiring. With a goal of uniformity, the legislature would not likely create a "patchwork" of veterans preference rights which would result, under the city's proposed reading of the statutes, in giving veterans preference in some cities and not in others. Only a uniform policy applicable to all veterans throughout the state can effect the intent of the legislature.

It would also be difficult to reconcile the legislature's recognition of the training and experience of veterans in the military service and their loyalty and sacrifice for the

government with a system that would reward the military service and sacrifice of some veterans and not of others. *See* Minn.Stat. § 43A.11, subd. 1 (1988). For the reasons set forth above, we hold that Minn.Stat. §§ 43A.11 and 197.455, which provide for the granting of preference points to veterans applying for employment with political subdivisions of the state, apply to all political subdivisions of the state regardless of the type of personnel system used. Accordingly, the City of Champlin violated the Veterans Preference Act by failing to give veterans preference under the provisions of the Act in its hiring process.

■ The question then arises as to how cities with non-civil service employment systems can apply the veteran's preference points required by section 43A.11, subds. 2 and 3. The court of appeals determined that the city must adjust its hiring system to a 100–point basis to enable the allocation of veterans preference points. *Hall v. City of Champlin*, 450 N.W.2d 613, 616 (Minn.App.1990). Although the legislature has never explicitly required that all political subdivisions administer a 100–point based hiring system, we agree with the court of appeals that a 100–point based rating system is implicit in the modified point-based preference law because it is necessary to the uniform application and intended effect of that law. *See* Op.Att'y Gen. 644–G (Oct. 12, 1979). Further, the second sentence of section 197.455 provides that "[a]ny provision in a law, charter, ordinance, rule or regulation contrary to the applicable provisions of section 43A.11 is void to the extent of such inconsistency." This limiting proviso, in effect, requires that cities, regardless of the type of personnel system, adapt their hiring procedures to a system that enables allocation of veterans preference points. We hold that political subdivisions of the state must adapt their hiring systems to a 100–point

---

2. The transcribed testimony of the League's legislative counsel, Duke Addix, indicates that the League's concern at the time of the 1975 hearing was that the modified, flexible veterans preference permitted by statute in state employment be extended to local governments which were then governed by an absolute veterans preference.

rating system to enable the allocation of veterans preference points.

Our decision today does not unduly restrict the discretion granted by the legislature to cities that choose to operate under a personnel ordinance. It does not require political subdivisions to adopt any particular form of hiring system. They need not adopt civil service systems nor need they extensively revise hiring processes and administer formal written examinations for all positions subject to veterans preference. A local appointing authority may administer any type of evaluation as long as it is based on criteria capable of being reduced to 100–point rating system. The 100–point rating system will apply to all positions except those specifically exempted from the veterans preference act by Minn.Stat. § 197.46.[3]

We affirm the decision of the court of appeals and the decision of the Commissioner of Veterans Affairs.

Affirmed.

---

**3.** Minnesota Statutes § 197.46 specifically exempts from the application of the Veterans Preference Act "the position of private secretary, teacher, superintendent of schools, or one chief deputy of any elected official or head of a department, or [ ] any person holding a strictly confidential relation to the appointing officer."