Phillip A. McAFEE, Relator,

v.

**DEPARTMENT OF REVENUE, et al., Commissioner of Veterans Affairs, Respondents.**

No. C9–93–1891.

Court of Appeals of Minnesota.

March 29, 1994.

Review Denied April 19, 1994.

Phillip A. McAfee, pro se.

Hubert H. Humphrey, III, Atty. Gen., Tracey E. Burton, Asst. Atty. Gen., St. Paul, for respondents.

Considered and decided by LANSING, P.J., and RANDALL and SCHUMACHER, JJ.

## OPINION

LANSING, Judge.

This is an appeal from the Commissioner of Veterans Affairs' summary disposition of a veteran's petition to enforce preference rights. We affirm the Commissioner's holding that, as a matter of law, veteran's preference credits do not apply to a temporary unclassified Attorney I position in the Department of Revenue and, therefore, Phillip McAfee was not denied veteran's preference rights.

## FACTS

The Minnesota Department of Revenue requested approval of a temporary unclassified Attorney I position in June 1992. The Minnesota Department of Employee Relations, which approves the designation of state executive branch unclassified appointments, authorized the Revenue Department to appoint a temporary attorney for up to one year. The position was designed to provide legal counsel on taxation and funding issues arising from the newly-created Minnesota-Care program.

The Revenue Department received twenty-four applications for the position, including an application from Phillip McAfee, a disabled veteran. Department employees interviewed eight applicants, including McAfee. The department denied McAfee's request to apply veteran's preference credits in filling the position. After concluding the interviews, the department notified McAfee that he had not been selected.

McAfee petitioned the Commissioner of Veterans Affairs for relief from the Revenue Department's denial of his veteran's preference rights. He subsequently filed similar petitions against the Department of Employee Relations and the Attorney General. The petitions were consolidated, and on the respondents' joint motion for summary disposition, the Commissioner of Veterans Affairs adopted recommended findings of an administrative law judge denying McAfee's petitions. McAfee appeals.

## ISSUE

Does the veteran's preference credit for competitive open examinations, defined by Minn.Stat. § 43A.11, subdivisions 4 and 5 (1992), apply to a temporary unclassified Attorney I position in the Department of Revenue?

## ANALYSIS

The State of Minnesota maintains a civil service system comprised of classified and unclassified positions. Minn.Stat. § 43A.07–.08 (1992). Entrance to classified service positions, except in limited situations not relevant here, is "through successful competition in an examination and certification and appointment from an eligible list." Minn. Stat. § 43A.10, subd. 1 (1992). Entrance to the unclassified positions does not require public notice or examination and, unless otherwise specified by statute, an appointing authority may appoint any qualified person. Minn.R. 3900.9100 (1991).

The Attorney I position at issue was created by the Department of Revenue and designated as a temporary unclassified position with approval from the Department of Employee Relations. The Commissioner of Employee Relations is authorized to approve a professional, managerial, or supervisory position which is "fully anticipated to be of limited duration" as a temporary unclassified position. Minn.Stat. § 43A.08, subd. 2a.

The veteran's preference credit available in the state civil service is provided in the same chapter of Minnesota statutes that establishes and defines the classified and unclassified services. *See* Minn.Stat. § 43A.11 (1992) (Veteran's Preference). The section providing for the credits states that a veteran's preference is created because of recognition that military service provides "qualifications of merit which cannot be readily assessed by examination * * *." Minn.Stat. § 43A.11, subd. 1.

The credit, available to disabled and non-disabled veterans (and in some circumstances to a veteran's spouse), provides for additional points on open noncompetitive examinations, priority on eligibility lists and notification and explanation of rejection. *See id.,* subds. 4, 7–9. The specific subdivision that applies to McAfee, a disabled veteran, states:

> There shall be added to the ***competitive open examination rating*** of a disabled veteran, who so elects, a credit of ten points provided that the veteran obtained a passing rating on the examination without the addition of the credit points.

*Id.,* subd. 4 (emphasis added).

■ McAfee asserts that he was entitled to a veteran's preference credit when he applied for the unclassified temporary Attorney I position. Our reading of the statutes conforms with the interpretation adopted by the Commissioner of Veterans Affairs, and we conclude that McAfee's rights were not violated when he was denied veteran's preference credits for the temporary unclassified position.

■ The express language of Minn.Stat. § 43A.11, subd. 4 provides that ten points shall be added to a disabled veteran's "competitive open examination rating." Only classified positions require an examination and attendant rating system. *See* Minn.Stat. § 43A.10, subd. 1 ("[e]ntrance to the classified service shall be through successful competition in an examination and certification

and appointment from an eligible list"). No similar provision mandates that unclassified positions require an open examination.

The placement of the veteran's preference provision within the statute also supports the conclusion that veteran's preference credits apply only to classified positions. *See Kollodge v. F. & L. Appliances,* 248 Minn. 357, 360, 80 N.W.2d 62, 64 (1956) (acknowledging as "a cardinal rule of statutory construction" that a particular provision of a statute must be read in context with other related provisions to determine its meaning). The section immediately preceding the veteran's preference section sets forth general information on examinations and eligibility to compete. *See* Minn.Stat. § 43A.10. The three sections immediately following the veteran's preference credit section discuss the ranking and certification of persons eligible to be placed on an eligible list and the appointment of persons to the classified service. *See* Minn. Stat. § 43A.12–.14 (1992). This sequential ordering of sections contemplates the addition of veteran's preference credits within the process of examining, ranking, and appointing persons for classified positions.

■ An administrative interpretation of a statute is entitled to consideration. Minn. Stat. § 645.16(8) (1992). The weight of that consideration increases when the agency is construing a statute which it administers, and the construction is longstanding. *See Krumm v. R.A. Nadeau Co.,* 276 N.W.2d 641, 644 (Minn.1979); *Soo Line R.R. Co. v. Comm'r of Revenue.,* 277 N.W.2d 7, 10 (Minn.1979). The department's well-settled policy has been to restrict veteran's preference credit to classified positions that are required to be filled through examinations.

■ McAfee advances two alternative arguments. First he asserts that the Department of Revenue in fact offered an "open competitive examination" within the meaning of chapter 43A, thereby triggering the application of veteran's preference points. McAfee claims that by advertising the Attorney I position to the public, by openly accepting applications, by interviewing applicants and by selecting an individual to fill the position, the Department of Revenue met the "open competitive examination" requirement. We

disagree. Neither the Department of Revenue nor the Department of Employee Relations followed the procedures set forth in Minn.Stat. §§ 43A.10, .12–.13 (1992), which establish eligibility for open examinations, provide ranking criteria for eligible candidates and create guidelines for candidate certification. Nor did the Department follow Minn.R. 3900.4100–4700, which address the specific procedures related to competitive open examinations.

■ Although McAfee argues that *Hall v. City of Champlin* requires this court to reach a different result, we do not agree. 463 N.W.2d 502 (Minn.1990). The court in *Hall* addressed the application of veteran's preference points to political subdivisions when a civil service system is not used. As part of that analysis, the court determined that an examination and an interview could be equated for purposes of a competitive open examination. *Id.* at 504–05. We agree an interview may serve as the equivalent of an exam, but think that for the purposes of employment within the state civil service system, an "open competitive examination rating" contemplates the formal exam application and listing procedures set forth in Minn.Stat. § 43A.10, .12–.13 and Minn.R. 3900.4100–4700 (1991).

■ McAfee's second argument is that the Commissioner of Employee Relations' designation of the Attorney I position as temporary unclassified was an improper designation because the department did not fully anticipate that it would be of limited duration. *See* Minn.Stat. § 43A.08, subd. 2a. The evidence in the record supports the designation.

■ The hiring authority need not know unequivocally that the position will be of limited duration. Rather it is enough that the department reasonably finds that the proposed position may not continue indefinitely. Affidavits show that the Attorney I position should be temporary because (a) the department was uncertain how the MinnesotaCare program would be administered; (b) much "front-end" legal work needed to be done immediately; (c) the present staff could

not absorb the initial amount of work; and (d) there was doubt whether enough work existed for a permanent full-time attorney. In view of these undisputed facts, the Commissioner of Employee Relations could properly designate the Attorney I position as temporary unclassified.

■ Finally, even if McAfee had received a veteran's preference credit, he would still not be entitled to the relief he seeks, that is, appointment to the Attorney I position. Section 43A.11 does not provide absolute preference for veterans; veteran's preference credit may increase the chance that a veteran will receive an interview, but the appointing authority may hire any certified applicant. Because the Department of Revenue granted McAfee an interview, he was accorded the same rights he would have received had section 43A.11 applied to this position.

## DECISION

The Commissioner's decision that McAfee is not entitled to veteran's preference credit for a temporary unclassified position is affirmed.

**Affirmed.**