**William R. OJALA, Respondent,**

v.

**ST. LOUIS COUNTY, Relator,**

**Commissioner of Veterans Affairs, Respondent.**

No. C6–94–501.

Court of Appeals of Minnesota.

Sept. 27, 1994.

William R. Ojala, pro se.

Alan L. Mitchell, St. Louis County Atty., Michael R. Dean, Heather C. Petersen, Asst. County Attys., Duluth, for relator.

Hubert H. Humphrey, III, Atty. Gen., Bernard Johnson, Donald Notvik, Asst. Attys. Gen., St. Paul, for respondent.

Considered and decided by KALITOWSKI, P.J., and KLAPHAKE and THOREEN *, JJ.

## OPINION

KLAPHAKE, Judge.

Relator St. Louis County challenges the finding of the Commissioner of Veterans Affairs (Commissioner) that respondent William Ojala was denied his veterans preference rights when St. Louis County filled an "unclassified" position. The Commissioner ordered St. Louis County to pay Ojala $1,000 in nominal damages, develop a competitive open exam point system, and create an eligible list for filling the vacancy. We reverse because the Commissioner acted outside his statutory authority.

## FACTS

In 1987, the St. Louis County Attorney's Office created the Arrowhead Victim Services Coordinator position, and designated the position "unclassified" as a "special investigator" position within the county attorney's office. *See* Minn.Stat. § 383C.035(e) (1992) (special investigator employed by county attorney holds unclassified position).

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-    pointment pursuant to Minn.Const. art. VI, § 10.

In July 1992, the position became vacant. Ojala, a veteran, applied for the job. The county attorney's office interviewed 11 of the 151 applicants, not including Ojala. Ojala petitioned the Minnesota Department of Veterans Affairs for relief pursuant to the Veterans Preference Act. Minn.Stat. § 43A.11 (1992).

The administrative law judge (ALJ) denied St. Louis County's motions to dismiss on the basis that the veterans preference does not apply to unclassified positions and that the ALJ lacked jurisdiction to decide the propriety of its administrative decision to designate the position as unclassified. After a contested hearing, the ALJ determined that Ojala had been wrongfully denied his veterans preference rights and recommended that Ojala be awarded $1,000 in nominal damages. The ALJ also recommended that St. Louis County be ordered to develop a competitive open exam point system allowing veterans preference and create an eligible list for hiring the coordinator position. The Commissioner adopted the ALJ's findings, conclusions and recommendations.

### ISSUE

Did the Commissioner exceed his authority by determining that the position for which Ojala applied was improperly designated as "unclassified" under the civil service statutes?

### ANALYSIS

■ The Commissioner is given broad statutory authority to remedy violations of the Veterans Preference Act:

> A veteran who has been denied rights by the state or any political subdivision, municipality, or other public agency of the state under sections 43A.11, 197.46, 197.48 or 197.455 may petition the commissioner of veterans affairs for an order directing the agency to grant the veteran *such relief the commissioner finds justified by said statutes.*

Minn.Stat. § 197.481, subd. 1 (1992) (emphasis added). But veteran's preference rights in hiring do not apply to unclassified civil service positions. *McAfee v. Department of Revenue,* 514 N.W.2d 301, 304 (Minn.App. 1994), *pet. for rev. denied* (Minn. Apr. 19, 1994).

■ Respondents argue, however, that the broad remedial power given to the Commissioner includes the authority to determine whether the Victim Services Coordinator position was properly designated as "unclassified." We conclude that respondents' interpretation would violate canons of statutory construction requiring that all legislative provisions be given effect and presuming the legislature did not intend an unreasonable result.

First, while veterans preference provisions are found in the Civil Service Act, nowhere is the Commissioner given jurisdiction to determine the proper designation of a position as classified or unclassified under the civil service statutes. Instead, the legislature enumerated which positions or categories of positions in St. Louis County are "unclassified." Minn.Stat. § 383C.035 (1992). Among those positions are "special investigators in the employ of the county attorney." Minn.Stat. § 383C.035(e). It is unreasonable to conclude that the legislature would authorize the Commissioner to nullify positions or categories of positions determined by the legislature.

Second, the legislature authorized the St. Louis County Civil Service Commission and Director to administer the civil service statutes. Minn.Stat. §§ 383C.033(b), 383C.034(m) (1992). The Commission or any county taxpayer may bring a civil action to enforce the St. Louis County civil service statutes. Minn.Stat. § 383C.047 (1992). Allowing the Commissioner the authority to determine which positions are classified or unclassified fails to give effect to these specific legislative provisions.

■ In reviewing an administrative agency's decision, the appellate court may reverse or modify the decision if it exceeds the agency's statutory authority or if it is arbitrary and capricious. Minn.Stat. § 14.-69(b) and (f) (1992). The question of whether the Commissioner has jurisdiction under the Veterans Preference Act to determine whether a position is properly designated under the civil service statutes is a question of law, and this court need not defer to the Commissioner's conclusion. *See Arvig Tel. Co. v. Northwestern Bell Tel. Co.,* 270 N.W.2d 111, 114 (Minn.1978). Moreover, the

Commissioner's interpretation of the civil service statutes is entitled to no deference because the Commissioner does not administer those statutes. *See Crookston Cattle Co. v. Minnesota Dep't of Natural Resources,* 300 N.W.2d 769, 777 (Minn.1980) (agency's construction of statute which it administers is entitled to great weight).

Because we conclude that the Commissioner had no authority to determine that the coordinator position was improperly designated as "unclassified," we need not reach the other issues which St. Louis County raised.

## DECISION

The Commissioner exceeded his statutory authority by determining that the Victim Services Coordinator position was improperly designated as "unclassified" under the St. Louis County civil service statutes.

**Reversed.**