James BOILY, D.D.S., Relator,

v.

COMMISSIONER OF ECONOMIC
SECURITY, Respondent.

No. C3–94–2447.

Court of Appeals of Minnesota.

June 13, 1995.

Eric J. Magnuson, Pamela M. Harris, Rider, Bennett, Egan & Arundel, Minneapolis, for relator.

Kent E. Todd, St. Paul, for respondent.

Considered and decided by DAVIES, P.J., and RANDALL and JONES, JJ.

## OPINION

PHYLLIS G. JONES, Judge.*

Relator challenges the Commissioner's determination that dentists performing services in relator's clinic are employees rather than independent contractors.

### FACTS

Relator James Boily, D.D.S. owns and operates the Afton Road Dental Clinic. Boily contracts with three dentists for their services at the clinic. Boily's contracts with the dentists provide that the dentists are independent contractors. The dentists are not required to work a particular number of hours and set their own schedules. They have complete independence in determining the course of treatment for their patients. They are paid a percentage of their billings, and their billings are established by Boily's fee schedule. The dentists are paid whether the bills are collected or not. Boily provides

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap- pointment pursuant to Minn. Const. art. VI, § 10.

the dental equipment, the support staff, and the clinic premises, while the dentists provide their own malpractice insurance and continuing dental education. Under the contract, Boily may terminate the dentists with 30 days notice for any reason, and the dentists may terminate their services with similar notice.

In 1988, the Department of Economic Security (formerly the Department of Jobs and Training) conducted an audit of Boily's clinic. Although no documentary evidence was offered regarding the result of the audit, Boily testified that the Department concluded that the dentists were independent contractors, not employees. He also testified that nothing has changed in terms of the relationship of the parties since that audit. The same dentists at issue in this case were working with Boily at the time of the audit.

In 1993, the Department made a redetermination, this time concluding that the dentists were employees. Boily appealed to a referee, who upheld the redetermination. The Commissioner affirmed and this court granted Boily's petition for a writ of certiorari.

### ISSUE

Did the Commissioner err by concluding that the dentists were Boily's employees and not independent contractors?

### ANALYSIS

#### I. Standard of Review

■ By writ of certiorari, a decision by the Commissioner that an employment relationship exists may be reviewed by the court of appeals in accordance with the Administrative Procedures Act. Minn.Stat. §§ 268.10, subd. 8, 268.12, subd. 13(4) (1994). On review, the court may reverse the Commissioner's decision if substantial rights of the relator were prejudiced because the administrative findings or conclusions were in excess of the agency's authority or jurisdiction, were in violation of constitutional provisions, were made upon unlawful procedure, were affected by other error of law, were arbitrary or capricious, or if the decision is unsupported by substantial evidence. Minn.Stat. § 14.69

(1994). A decision is "arbitrary and capricious" when the situation shows the agency "has exercised its will, and not its judgment." *Lakeland Tool & Eng'g, Inc. v. Engle*, 450 N.W.2d 349, 353 (Minn.App.1990).

■ This court established the standard of review for agency decisions as follows:

> All agency decisions receive a presumption of regularity; the burden of proof is on the challenger to establish that the agency's decision was improperly reached. Deference is shown to agency expertise, lest the court substitute its judgment for that of the agency.

*M.T. Properties, Inc. v. Alexander*, 433 N.W.2d 886, 893 (Minn.App.1988), *pet. for rev. denied* (Minn. Feb. 22, 1989). The reemployment compensation "statute is remedial in nature and should be liberally construed to achieve those ends". *Blue & White Taxi v. Carlson*, 496 N.W.2d 826, 828 (Minn. App.1993).

#### II. Employment Relationship Determination

Only those organizations that "employ" individuals must pay contributions to the reemployment insurance fund. Minn.Stat. § 268.06, subd. 1 (1994). Employment is defined as

> any service performed * * * by * * * any individual who is a servant under the law of master and servant or who performs services for any employing unit, *unless such services are performed by an independent contractor.*

Minn.Stat. § 268.04, subd. 12 (1994) (emphasis added).

■ Essential factors in determining whether an individual is an employee or an independent contractor include: (1) the right to control the means and manner of performance; (2) the right of the employer to discharge the individual without incurring liability; (3) the mode of payment; (4) the furnishing of materials and tools; and (5) control over the premises where the work is performed. Minn.R. 3315.0555, subpt. 1 (1993). *See also Guhlke v. Roberts Truck Lines*, 268 Minn. 141, 143, 128 N.W.2d 324, 326 (1964) listing factors to consider in deter-

mining employee status). The two most important elements indicating that an individual is an employee are the right to control and the right to discharge. *Id.*

Other factors considered when making this determination include whether (1) the individual is paid on a job basis rather than hourly, weekly or monthly; (2) the individual may realize a profit or a loss by engaging in the work; (3) the individual has an obligation to complete a certain job or is able to end the relationship at any time; (4) the individual has invested a substantial amount in facilities used to perform the service; and (5) the individual is responsible for any negligence. Minn.R. 3315.0555, subpt. 2.

■ While recognizing that some elements in this case indicate an independent contractor relationship, the Commissioner now concludes that the dentists are employees. The evidence reflects the following:

1. The individual dentists control the means and manner of performance of services. Each dentist exercises his or her own professional judgment in treating patients. Each may independently determine to refer a patient to a dentist who is not a member of the clinic—a strong and clear indicator of independent contractor status. Each dentist decides the number of hours he or she will work and may perform dental services at a separate location at least 10 miles distant from the Boily clinic.

2. Under the Boily contracts, either party may terminate upon 30 days notice. Boily would incur no liability upon timely notice. There is a mutual understanding of the dentists' status as independent contractors that all parties wish to continue. This allows the dentists to run their practice and control their hours.

3. Each dentist is paid approximately 35% of the value of services performed, whether or not each patient pays the full amount billed. The amount for each type of service is set by Boily and his clinic staff does the billing and collection.

4. The dentists provide their own chosen small tools, malpractice insurance, and continuing dental education. Boily provides the major equipment needed.

5. Boily controls the building and support staff where the dentists provide services, but each is privileged to work at other locations a required distance from the Boily clinic. Boily contributes to the workers' compensation fund for the dentists, his other employees and "his own protection." The dentists are also protected in event of a mishap on the premises. *See* Minn.Stat. §§ 176.021, subd. 1, 176.041, subd. 1(*l*) (1994) (employers must contribute to the workers' compensation fund for employees but not for independent contractors).

Thus, there is substantial evidence to support Boily's position that the dentists performing professional services in Boily's clinic are independent contractors.

Boily contends that the auditor's 1988 determination is binding on the Department, thus precluding the Commissioner's current determination. The Commissioner argues in terms of consistency. Arguably, the Commissioner's about-face on this issue is hardly consistent. After an audit in 1988, the Commissioner concluded that the dentists in Boily's clinic were independent contractors. Nothing has changed in Boily's clinic. Today the Commissioner argues the dentists are employees and Boily must pay re-employment insurance premiums. Although an audit is not a "final determination" under Minn. Stat. § 268.12, subd. 13 (1994), to the point where the Commissioner is bound, that previous audit and the Commissioner's acceptance of that audit are indicators favoring the interpretation of Boily and the dentists.

Here, the Commissioner's decision was arbitrary and capricious. There is an absence of evidence to show the contracting dentists are employees and substantial evidence supporting the 1988 audit making a contrary determination. *See Abbey v. Contract Programming Specialists,* 377 N.W.2d 28, 31 (Minn.App.1985), *pet. for rev. denied* (Minn. Jan. 23, 1986) (finding arbitrary and capricious Commissioner's decision to reverse credibility findings made on remand by referee pursuant to specific instructions from the Commissioner); *Hough Transit v. Harig,* 373 N.W.2d 327, 331–32 (Minn.App.1985) (finding arbitrary and capricious Commis-

sioner's affirmance of second referee's decision even though second referee's decision did not address concerns for which the matter had been remanded for further proceedings).

### DECISION

The Commissioner's determination that dentists providing professional services in relator's clinic are employees was arbitrary and capricious in light of a prior audit determining the dentists were independent contractors, substantial evidence that supports the audit's determination, and an absence of evidence establishing an employee relationship.

**Reversed.**