James BOILY, D.D.S., Respondent,

v.

COMMISSIONER OF ECONOMIC
SECURITY, Appellant.

No. C3–94–2447.

Supreme Court of Minnesota.

March 8, 1996.

Kent E. Todd, Minn. Dept. of Economic
Sec., St. Paul, for appellant.

Eric J. Magnuson, Minneapolis, for re-
spondent.

## OPINION

COYNE, Justice.

On the petition of the Commissioner of
Economic Security, we review a decision of
the court of appeals reversing the commis-
sioner's determination that an employer-em-
ployee relationship existed between Boily
and three dentists performing dental services
at Boily's clinic. We affirm the court of
appeals' conclusion that the three dentists
are independent contractors rather than Boi-
ly's employees, but we expressly reject both
the court of appeals' characterization of the
commissioner's decision as arbitrary and ca-
pricious and its further characterization of a
1988 tax audit and the commissioner's accep-
tance of that audit as "indicators favoring the
interpretation of Boily and the dentists" that

the 1988 audit determined that the dentists were independent contractors.

James Boily, D.D.S., owns a dental clinic in St. Paul, Minnesota. Boily, who lives in San Diego, California, contracts with three dentists for performance of the dental services offered by the clinic, and although he regards several office workers, hygienists and dental assistants as employees within the purview of Minn.Stat. ch. 268, Boily has consistently treated the dentists as independent contractors for tax purposes.

In 1988 the Department of Economic Security conducted a field audit of Boily's business records pursuant to Minn.Stat. § 268.12, subd. 8 (1994), which provides that the commissioner may review an employer's books and records "at any reasonable time and as often as may be necessary" to determine compliance with the economic security law or to collect any tax due under chapter 268. The only documentary evidence of the audit contained in the record before us is a notice that an audit was scheduled for a date 30 days from the date of the notice. The audit itself is not part of the record. The department did not then issue a determination of the employment status of the dentists, and Dr. Boily concedes that he did not receive any documentation of the results of the audit. He recalls that his accountant advised him that there was "no change."

On September 1, 1993, pursuant to Minn. Stat. § 268.12, subd. 13(1) (1992),[1] the department issued a "Determination of Employment Status" declaring that there was an employer-employee relationship between Boily and the three dentists with whom he had contracts. As provided by section 268.12, subdivision 13(1), Boily timely appealed but after an evidentiary hearing the referee agreed that the dentists were employees, and the commissioner affirmed. The court of appeals, however, decided otherwise:

> The Commissioner's determination that dentists providing professional services in

relator's clinic are employees was arbitrary and capricious in light of a prior audit determining the dentists were independent contractors, substantial evidence that supports the audit's determination, and an absence of evidence establishing an employee relationship.

*Boily v. Commissioner of Economic Sec.*, 532 N.W.2d 607, 610 (Minn.App.1995).

More than 30 years ago this court set out the factors to be applied in determining whether a person's status was that of an employee or independent contractor:

(1) The right to control the means and manner of performance;

(2) the mode of payment;

(3) the furnishing of material or tools;

(4) the control of the premises where the work is done; and

(5) the right of the employer to discharge.

*Guhlke v. Roberts Truck Lines*, 268 Minn. 141, 143, 128 N.W.2d 324, 326 (1964). These factors have since been codified in Minn. R. 3315.0555 (1995). The right to control the means and manner of performance generally carries the greatest weight in a determination of the worker's status. *E.g., Wangen v. City of Fountain*, 255 N.W.2d 813, 815 (Minn.1977).

Inasmuch as Dr. Boily is a resident of California, it is apparent that his opportunity to control the manner and means of the three dentists whose status is in question would be extremely limited even if the right of control had been reserved. It appears, however, that Dr. Boily did not reserve to himself the right to control the manner in which the dentists practice their profession. The dentists set their own schedules, decide the type of treatment to be provided each patient, and sometimes refer patients to dentists who are not associated with the clinic. Although the dentists are paid monthly, their compensation is based on a percentage of the billings attributable to the services each renders

---

1. Minn.Stat. § 268.12, subd. 13(1) (1992), provides as follows:

An official, designated by the commissioner, upon the commissioner's own motion or upon application of an employing unit, shall determine if an employing unit is an employer within the meaning of this chapter or as to whether services

performed for it constitute employment within the meaning of this chapter, and shall notify the employing unit of the determination. The determination shall be final unless the employing unit, within 30 days after the mailing of notice of the determination to the employing unit's last known address, files a written appeal from it.

rather than a fixed salary. Although Dr. Boily provides office space and the fixtures and major items of equipment used in the clinic, each dentist provides his or her own hand instruments and pays his or her own malpractice insurance premiums and continuing dental education fees.

■ The commissioner no longer contests the conclusion that the dentists who perform the services provided by the clinic are independent contractors. The problem before us lies solely in the court of appeals' reliance on a "determination" in a 1988 tax audit that the dentists were independent contractors. Nothing in the record of this matter indicates that the employment status of the dentists was addressed in the tax audit. Certainly, if the question of status was even considered during the tax audit, that consideration did not amount to a "determination," for there is no evidence that the commissioner designated the tax auditor to make such a determination or that notice of such a determination was ever given to Dr. Boily pursuant to Minn.Stat. § 268.12, subd. 13(1) (1994).

Although federal law provides that a worker may be treated as an independent contractor if the employer's status as the employer of an independent contractor was based on an audit conducted by the Internal Revenue Service,[2] there is no similar statutory provision in Minnesota.

Affirmed as modified.

**2.** Revenue Act of 1978, Pub.L. No. 95–600,     § 530, 92 Stat. 2763, 2885 (1978).