Wayne **GOODNATURE**, Relator,

v.

**MOWER COUNTY**, Respondent,

**Public Employees Retirement Association of Minnesota, Respondent.**

No. C9–96–1081.

Court of Appeals of Minnesota.

Jan. 21, 1997.

John S. Beckmann, Mary C. Leahy, Hoversten, Johnson, Beckmann, Wellmann & Hovey, Austin, for Relator.

Hubert H. Humphrey, III, Attorney General, Jon K. Murphy, Assistant Attorney General, St. Paul, for Respondent PERA.

Considered and decided by PARKER, P.J., and PETERSON and WILLIS, JJ.

## OPINION

WILLIS, Judge.

Appellant Wayne Goodnature challenges the decision of respondent Public Employees Retirement Association (PERA) that payments he received for providing meals to prisoners were not salary subject to PERA deductions.

## FACTS

Appellant Wayne Goodnature served as sheriff of Mower County (the county) from 1978 to 1994. The Mower County Board of Commissioners (the county board) set his salary on an annual basis. In addition, the county paid Goodnature $8 per prisoner per day to provide prisoners with lunch and dinner. Goodnature was a member of PERA's police and fire fund, which consists of salary-based employer contributions and employee contributions. Minn.Stat. § 353.65 (1996). The county considered Goodnature's meal services to be "independent of the Sheriff's duties" and made no PERA contributions based on payment for those services.

After Goodnature retired, he asked PERA to require the county to pay omitted employer contributions on the income he received from food service fees from 1992 through 1994. PERA responded:

> Based upon the contractual relationship that exists between you and the county, PERA does not believe that the fees you received for the services rendered are subject to PERA deductions, since they are not earned within the scope of the normal employment relationship.

Goodnature appealed to PERA's board of trustees. Staff research conducted at the PERA board's direction showed that counties that paid their sheriffs for prisoner food services using a fee structure like Mower County's did not withhold PERA contributions for food service payments because they considered the sheriffs to be independent contractors with regard to those services. Following a hearing, the board denied Goodnature's appeal on the ground that the fees in question were not salary under Minn.Stat. § 353.01, subd. 10(a)(1) (1996). Goodnature challenges the board's decision.

## ISSUE

Did PERA's board of trustees err in determining that payments Goodnature received for providing meals to prisoners did not constitute salary subject to PERA deductions?

## ANALYSIS

■ PERA's board of trustees is authorized to determine the status of any individual in the employ of any governmental subdivision "and such determination shall not be disturbed unless found to be arbitrary and capricious." Minn.Stat. § 353.18 (1996). Moreover, this court reviews an agency's decision to determine if the factual findings are supported by substantial evidence and if the decision is reasonable and unaffected by errors of law. *In re Signal Delivery Serv., Inc. v. Brynwood Transfer Co.*, 288 N.W.2d 707, 710 (Minn.1980). Although this court is not bound by an agency's construction of a governing statute,

> [w]hen the meaning of a statute is doubtful, courts should give great weight to a construction placed upon it by the department charged with its administration.

*Krumm v. R.A. Nadeau Co.*, 276 N.W.2d 641, 644 (Minn.1979).

Goodnature contends that the income he received for providing food services to prisoners was salary subject to PERA deductions because his total annual salary as sheriff included both his base pay and his income from food services. We disagree. For PERA purposes, "salary" is defined as:

> periodic compensation of a public employee, before deductions for deferred compensation, supplemental retirement plans, or other voluntary salary reduction programs,

and also means "wages" and includes net income from fees.

Minn.Stat. § 353.01, subd. 10(a)(1) (1996). The county board set Goodnature's salary annually as required by Minn.Stat. § 387.20, subds. 1, 2 (1996). That statute also provided Goodnature with a right of appeal to the district court if he believed that the county board had established his salary "without sufficiently taking into account the extent of the responsibilities and duties of said office." *Id.*, subd. 7 (1996). Goodnature did not appeal the fact that his salary, as established by the county board, did not include the amount he was paid for providing food services.

In addition, Minnesota law does not authorize a county to include in a sheriff's salary any amount the sheriff is paid for furnishing food services. In general, "every county official receiving a stated salary shall receive the same in *full compensation* for all services and expenses whatsoever." Minn.Stat. § 357.33 (1996) (emphasis added). Goodnature cites Minn.Stat. § 387.20, subd. 5 (1996), for the proposition that a sheriff's salary can include "income generated from fees/payment[s] for boarding prisoners." That provision states:

> The county sheriff shall charge and collect all fees and per diems prescribed by law * * * [and] shall not retain any additional compensation or other emolument for services in any activity of county government. For purposes of this subdivision, * * * (5) "payments for boarding prisoners, shall not be deemed an emolument of the office."

*Id.* Section 387.20 further provides that the county board must reimburse the sheriff for

> expenses necessary in the performance of the duties of [the sheriff's] office, including reimbursement of the sheriff or a designee for necessary and reasonable expenses incurred in furnishing board, laundry and other services to prisoners in the county jail, provided that the county board may at its option provide for the furnishing of these services to the prisoners.

*Id.*, subd. 6 (1996). Thus, subdivision 5 permits sheriffs to receive payments for boarding prisoners, but subdivision 6 classifies such payments as expense reimbursement. For PERA purposes, expense reimbursement is not "periodic compensation" or "wages" within the statutory definition of salary. *See* Minn.Stat. § 353.01, subd. 10(a)(1). Moreover, while that definition of salary includes "net income from fees," payments for food services are not among the fees that a sheriff is authorized to collect. *See* Minn.Stat. § 357.09 (1996) (listing fees that a sheriff may collect).

Minn.Stat. § 387.20, subd. 6, states that the county board may either reimburse a sheriff for the expenses of providing services to prisoners or "at its option provide for the furnishing of these services to the prisoners." PERA determined that the county selected the second option regarding food services by contracting with Goodnature to provide prisoners with two meals per day as an independent contractor, rather than as an employee within the meaning of PERA. *See* Minn. Stat. § 353.01, subd. 2 (1996) (defining "public employee" to exclude independent contractors). We agree.

■ Minnesota courts consider five factors in determining whether an individual is an employee or an independent contractor: (1) who has the right to control the means and manner of performance; (2) the mode of payment; (3) who furnishes the material or tools; (4) who controls the premises where the work is done; and (5) the employer's right to discharge. *Boily v. Commissioner of Econ. Sec.*, 544 N.W.2d 295, 296 (Minn. 1996). "The right to control the means and manner of performance generally carries the greatest weight in a determination of the worker's status." *Id.* The question of whether an individual is an employee or an independent contractor is a question of law. *Lakeland Tool & Eng'g, Inc. v. Engle*, 450 N.W.2d 349, 352 (Minn.App.1990).

Goodnature controlled "the means and manner of performance" of providing meals to county prisoners. *See Boily*, 544 N.W.2d at 296. The county required only that the meals meet certain nutritional requirements. Goodnature ordered and purchased the food, he hired and paid two cooks to prepare the meals, and the county did not require him to

account for his expenses. Moreover, the county paid Goodnature on a per prisoner per day basis and reported his year-end fees to the IRS on a tax form used to reflect payments to independent contractors.

## DECISION

PERA properly denied Goodnature's request for benefits. The payments Goodnature received for providing meals to prisoners did not constitute salary within the meaning of Minn.Stat. § 353.01, subd. 10(a)(1). Goodnature provided food services as an independent contractor, rather than as an employee.

**Affirmed.**