INDEPENDENT SCHOOL DISTRICT NO. 524, NORMAN COUNTY, v. ERLING O. JOHNSON, COMMISSIONER OF EDUCATION.

117 N. W. (2d) 390.

October 5, 1962—No. 38,732.

574

*Walter F. Mondale,* Attorney General, and *Linus J. Hammond,* Assistant Attorney General, for relator.
*Peterson & Popovich,* for respondent.

OTIS, JUSTICE.

Relator here petitions for a writ of prohibition restraining the District Court of Ramsey County from hearing an appeal from an order entered by relator's predecessor as Commissioner of Education approving a school consolidation plat.

It appears that at a time when various other consolidation, detachment, and annexation proceedings affecting the area here in question were still pending, the superintendent of schools of Polk County prepared and submitted to the Commissioner of Education a plat proposing consolidation of Common School Districts Nos. 1317 and 1318 in Norman County with Independent School District No. 592 in Polk County. On October 13, 1961, the Commissioner approved the plat without a hearing, and on November 10, 1961, the respondent Independent School District No. 524 appealed to the District Court of Ramsey County. Thereafter the plan was approved by the school boards affected and by a vote of the resident freeholders cast at an election conducted pursuant to Minn. St. 122.23, subd. 9. Subsequently the Polk County school superintendent on November 17, 1961, entered an order making the consolidation effective November 22, 1961. From that order the respondent School District No. 524 appealed to the District Court of Polk County on November 27, 1961.

Relator brought a motion before the District Court of Ramsey County to dismiss the appeal there pending, and it is the order denying that motion and assigning the matter for trial that is here for review.

The parties agree that there are only two questions before this court: (1) Is an order of the Commissioner of Education approving a consolidation plat pursuant to § 122.23, subd. 6, a final order which may be appealed to the District Court of Ramsey County under § 127.25, subd. 1? (2) If not, is a writ of prohibition the proper remedy?

■ Section 127.25, adopted in 1959, provides in subd. 1 that any school district aggrieved by a final order of the Commissioner of Education or of the county superintendent of schools may appeal to the district court, the venue to be in Ramsey County with respect to the Commissioner's orders. The section of the statute which we deem decisive, however, provides thus:

"Any order of the commissioner *rejecting* a consolidation plat shall be deemed a final order for the purposes of this section. In an appeal from an order of a county superintendent effecting a consolidation the action of the commissioner *approving* the plat is reviewable and the commissioner may be called by either party as a witness in such appeal proceedings and may be examined under the rules of civil procedure relating to the cross-examination of adverse parties." (Italics supplied.)

Respondent School District No. 524 argues that the Commissioner's approval is a final order and hence appealable because it is the ultimate substantive step which he must take to confer jurisdiction in a consolidation proceeding. It is respondent's position that the Commissioner's decision had great weight in bringing about the approval of the electorate, and that the statute should not be construed in a strict technical way to permit his approval to go unchallenged. Respondent urges that in arriving at our decision consideration should be given to the Commissioner's failure to conduct a hearing and to his completing the consolidation in the face of a number of other proceedings which should have taken precedence.

Whatever may have been the previous rule, the 1959 enactment, now codified as § 127.25, clearly and unmistakably expresses a legislative intention to permit appeals only from orders of the Commissioner which *reject* consolidation plats and not from orders approving them. By stating, "Any order of the commissioner rejecting a consolidation plat shall be deemed a final order for the purposes of this section," it is apparent that under the maxim of "Expressio unius est exclusio alterius" the converse is not intended. The sentence which follows in § 127.25 conclusively demonstrates a legislative purpose to prevent piecemeal review, by stating: "In an appeal from an order of

a county superintendent effecting a consolidation *the action of the commissioner approving the plat is reviewable.*" (Italics supplied.)

The logic of this procedure is apparent. A rejection by the Commissioner terminates the proceedings and makes an appeal necessary if the consolidation is to be kept alive. His *approval,* however, is not necessarily a final step since the proposal may still be terminated by action of the voters or of the affected school boards, in either of which cases the question of appeal becomes moot.

It is obvious the legislature had these contingencies in mind in deferring the time for appeals from orders *approving* plats until subsequent hurdles had been passed. Appeals of this kind are invariably costly and time consuming. To require that they be taken when further action might render them unnecessary would often impose a useless and irksome burden on an already overtaxed public.

Nevertheless, respondent School District No. 524 expresses concern that such a construction of the statute would prevent a full review of the Commissioner's decision, since he is not a party to an appeal from an order of a county superintendent. We find no basis for such apprehension. The Commissioner is not a party against whom personal civil liability is being imposed. He is acting only in an administrative capacity and it is only his official *decision* which is being attacked. The order of the Commissioner approving a plat may as readily be scrutinized and dealt with where he is a witness as where he is a nominal party. In either situation the parties may be relied on to litigate the validity of the order with equal diligence. There is no magic in designating the Commissioner an adverse party. It may be assumed he will respond with the same lively professional interest in the outcome in whichever role he appears.

We therefore hold that an appeal to the district court from an order of the Commissioner of Education approving a consolidation plat is not authorized, and that under § 127.25 such an order is reviewable only in an appeal from an order of the county superintendent of schools effecting a consolidation.

■ Under the circumstances we are of the opinion that a writ of prohibition is a proper remedy. State v. Hartman, 261 Minn. 314,

112 N. W. (2d) 340; Smith v. Tuman, 262 Minn. 149, 114 N. W. (2d) 73. As we said in Richfield Federation of Teachers v. Richfield Education Assn. 263 Minn. 21, 28, 115 N. W. (2d) 682, 687:

"* * * practical considerations of justice require us to terminate the litigation. To do otherwise would subject the parties unnecessarily and futilely to the expense, vexation, and distractions inevitable in all protracted litigation."

The Ramsey County District Court is about to exercise judicial power which is not authorized by law, as we so hold, and such action threatens an injury for which there is no other adequate remedy.

Let the writ be made absolute.