### In the Matter of the WELFARE OF the Child of S.L.J., Parent.

### No. A09–80.

Supreme Court of Minnesota.

May 14, 2010.

G. Paul Beaumaster, Rice County Attorney, Benjamin Bejar, Assistant Rice County Attorney, Faribault, MN, for appellant Rice County.

Grant D. Sanders, Sanders & Co., Ltd., Faribault, MN, pro se respondent.

Kathleen Heaney, Sherburne County Attorney, Arden Fritz, Assistant Sherburne County Attorney, Elk River, MN, for amicus curiae Minnesota County Attorneys Association.

John A. Tuma, Northfield, MN, for amicus curiae Minnesota Inter–County Association.

John L. Fossum, Fossum Law Office, LLC, Northfield, MN, for amicus curiae Minnesota Association of Criminal Defense Lawyers.

Janet C. Werness, St. Paul, MN, for amicus curiae Southern Minnesota Regional Legal Services.

Bradford S. Delapena, Assistant State Public Defender, St. Paul, MN, for amicus curiae Minnesota State Public Defender.

OPINION

MAGNUSON, Chief Justice.

We are asked to decide whether the district court erred in appointing private counsel at county expense, rather than a public defender at state expense, for the parent in this juvenile-protection case, who must be provided counsel under the federal Indian Child Welfare Act, 25 U.S.C. § 1912(b) (2006). The court of appeals affirmed the appointment of private counsel for the parent in this case and further held that the cost of private counsel appointed for the parent is a county obligation. We affirm the court of appeals.[1]

In June 2008, the Minnesota State Board of Public Defense resolved to discontinue representation of parents, custodians, and guardians in juvenile protection proceedings, effective July 8, 2008. On July 22, 2008, in response to the action by the State Board of Public Defense, the Rice County Board of Commissioners voted not to pay for representation of qualified parents in child-protection or termination-of-parental-rights cases in 2008 and future years.

In September 2008, appellant Rice County petitioned to terminate the parental rights of S.L.J. to her newborn child. Both mother and child are eligible for membership in the Wyandotte Nation of Oklahoma. The district court appointed respondent Grant D. Sanders, a lawyer in private practice, to represent S.L.J. and ordered Rice County to pay Sanders' attorney fees. When Sanders' first invoices were not paid, the court ordered Rice County to pay Sanders the sum of $4,000 by December 30, 2008, or appear (in the persons of the county auditor and all mem-

---

1. Although not consolidated with this case, on the same day this case was argued, we heard arguments in *In re Welfare of Children of: J.B. and R.P.; S.K.J. and J.N.T.; S.L.A.J. and B.J.T., Parents,* 782 N.W.2d 535 (Minn.2010). The opinion in that case, which presents similar, but not identical, issues and arguments, is filed concurrently with this opinion.

bers of the county board) to show cause why Rice County should not be held in contempt.

In response to the order to show cause, Rice County argued that because S.L.J. is eligible for membership in the Wyandotte Nation, and is therefore entitled to representation under the Indian Child Welfare Act (ICWA), 25 U.S.C. § 1912(b), Minn. Stat. § 611.16 (2008) required that a public defender, rather than private counsel, be appointed for her. Rice County further argued that Minn.Stat. § 611.27, subd. 7 (2008), limits the state's responsibility for public defender services to the appropriations made to the Minnesota Board of Public Defense, and therefore the obligation to pay the fees of a lawyer appointed for S.L.J. was the sole responsibility of the state. Furthermore, Rice County argued that under Minn.Stat. § 375.1691 (2008), it could not be ordered to pay Sanders' fees because Rice County had not approved such payment and Rice County's budget had not allocated funds to do so. Rice County argued that because its failure to pay Sanders' fees was statutorily authorized, it was therefore acting in accordance with the law and could not be held in civil contempt.

Although the limited record before us does not include a transcript of the show-cause hearing, it appears that the parties agreed that the district court's order to show cause would be deemed a writ of mandamus instead. Following the hearing, the court issued a peremptory writ of mandamus that obligated Rice County: to pay Sanders $4,000 for legal services rendered to S.L.J. through the end of November 2008; to pay Sanders' future invoices within ten days of court approval; and to "approve a system for payment of costs for representing indigent parents in future juvenile protection cases during the budget year 2009, by no later than February 16,

2009." The court concluded that it had "the authority, but not the duty, to appoint Public Defenders to represent parents in Juvenile protection proceedings." However, "given the significant financial and personnel pressures that are already being addressed by the State Board of Public Defense," the court declined to exercise its discretion to compel the public defender to represent S.L.J.

The district court further concluded that Minn.Stat. § 375.1691 should be interpreted to give Rice County "no discretion with respect to paying the fees for court-appointed counsel" if the request is submitted to the County before the adoption of its next annual budget. The court noted that the Rice County District Court Administrator had submitted a budget request to the county board in July 2008 for $180,000 for fees of counsel appointed to represent indigent parents in juvenile protection cases, which the county board had denied. Because Rice County had a clear duty to pay, and because Sanders had no other adequate remedy, the district court concluded that mandamus was an appropriate remedy.

Upon Rice County's appeal, the court of appeals affirmed the district court's order requiring Rice County to pay Sanders' outstanding and future invoices. *In re Welfare of Child of S.L.J. (S.L.J.)*, 772 N.W.2d 833, 844 (Minn.App.2009). The court concluded that Minn.Stat. § 611.16 was ambiguous and, in the context of the remainder of Minn.Stat. ch. 611 and its legislative history, should be read to limit the right to a public defender to only "persons who are parties to criminal cases." *See S.L.J.*, 772 N.W.2d at 840. Therefore, the court of appeals concluded that the district court had not erred in appointing private counsel for S.L.J. *Id.* at 842.

The court of appeals further concluded that under Minn.Stat. § 260C.331, subd.

3(4) (2008), responsibility for paying Sanders' fees fell to the county. *S.L.J.*, 772 N.W.2d at 842. The court rejected Rice County's argument that under Minn.Stat. § 375.1691 it could not be required to pay Sanders if the county board never approved the payment; the court agreed with the district court that Rice County was obligated to pay Sanders in 2009 "regardless [of] whether the county board has budgeted for the expense." *S.L.J.*, 772 N.W.2d at 843–44. However, the court of appeals reversed, as beyond the district court's authority, the requirement that Rice County approve funding for representation of indigent parents in child-protection and termination-of-parental-rights cases in the future.[2] *Id.* at 845. We granted Rice County's petition for review of the district court's writ of mandamus and denied Sanders' petition for cross-review as to payment of his fees in the future.

### I.

■■■ Mandamus "lies to compel a governmental body or board to perform a duty [that] the law clearly and positively requires" and "where there is no other plain, speedy, and adequate remedy available." *Int'l Union of Operating Eng'rs, Local No. 49 v. City of Minneapolis*, 305 Minn. 364, 374, 233 N.W.2d 748, 754–55 (1975). Mandamus is an extraordinary remedy, issued upon equitable principles in the exercise of sound judicial discretion. *Nationwide Corp. v. Northwestern Nat'l Life Ins. Co.*, 251 Minn. 255, 265, 87 N.W.2d 671, 679–80 (1958). But where a decision on a writ of mandamus is based solely on a legal determination, our review is de novo. *Breza v. City of Minnetrista*, 725 N.W.2d 106, 110 (Minn.2006).

Rice County argues that: (1) under Minn.Stat. § 611.16, the district court was obligated to appoint a public defender for S.L.J.; (2) under Minn.Stat. § 260C.331, Rice County is not obligated to pay for the private counsel appointed for S.L.J.; and (3) under Minn.Stat. § 375.1691, Rice County cannot be required to pay any expense for which the county board has not previously authorized payment.

We consider first whether the district court correctly appointed private counsel to represent S.L.J. or whether, as Rice County argues, the public defender was obligated by law to represent S.L.J.

The Indian Child Welfare Act, 25 U.S.C. §§ 1901–1931 (2006), requires the appointment of counsel for indigent Indian parents in child-protection and termination-of-parental-rights cases. Under 25 U.S.C. § 1912(b), "[i]n any case in which the court determines indigency, the parent or Indian custodian shall have the right to court-appointed counsel in any removal, placement, or termination proceeding." Because S.L.J. is eligible for membership in the Wyandotte Nation of Oklahoma and because the district court determined that she is indigent, S.L.J. has the right under federal law to court-appointed counsel in the juvenile court proceedings.

Because S.L.J. is entitled under federal law to court-appointed counsel, we now consider whether S.L.J. was entitled to representation by a public defender or whether the district court correctly appointed private counsel for her. As a threshold matter, Sanders contends that the question of his appointment to represent S.L.J. was not properly before the court of appeals, and is not properly before our court, because Rice County failed to timely appeal the district court order appointing him. Under Minn. R. Juv. Prot. P. 47.02, an appeal must be taken within 30 days from "a final order of the juvenile

2. Neither party sought our review on this issue and therefore we do not address it.

court affecting a substantial right of the aggrieved person." Sanders was appointed to represent S.L.J. in September 2008, an order from which Rice County did not immediately appeal. Rather, after filing its notice of appeal from the district court's January 2009 writ of mandamus, Rice County filed a notice of review from the order appointing Sanders, which the court of appeals dismissed as an improper attempt to amend the notice of appeal. Nevertheless, the court of appeals addressed the issue of Sanders' appointment, concluding that there was no authority requiring Rice County to challenge the appointment order when it was issued and no authority holding that Rice County's failure to immediately appeal from the appointment order amounted to forfeiture of the issue. *S.L.J.*, 772 N.W.2d at 838.

Under Minn. R. Civ.App. P. 103.04, an appellate court "may review any order affecting the order from which the appeal is taken" and "any other matter as the interest of justice may require." Sanders did not seek further review of the court of appeals' implicit determination that the order appointing him was not a final order and both parties have fully briefed the question of the propriety of the appointment. We granted further review to address the validity of Sanders' appointment, and we do so now.

■ The Indian Child Welfare Act requires the appointment of counsel for indigent Indian parents in juvenile protection proceedings. 25 U.S.C. § 1912(b). However, the ICWA does not specify whether the counsel appointed for indigent Indian parents is to be a public defender or private counsel. The court of appeals found the answer to the first part of that question in Minn.Stat. ch. 611 (2008), concluding that a public defender appointment is not appropriate. *See S.L.J.*, 772 N.W.2d at 840–41.

Minnesota Statutes § 611.14 (2008) lists four categories of individuals who are entitled to be represented by a public defender:

(1) a person charged with a felony, gross misdemeanor, or misdemeanor including a person charged under sections 629.01 to 629.29;

(2) a person appealing from a conviction of a felony or gross misdemeanor, or a person convicted of a felony or gross misdemeanor, who is pursuing a postconviction proceeding and who has not already had a direct appeal of the conviction;

(3) a person who is entitled to be represented by counsel under section 609.14, subdivision 2; or

(4) a minor ten years of age or older who is entitled to be represented by counsel under section 260B.163, subdivision 4, or 260C.163, subdivision 3.

Correspondingly, Minn.Stat. § 611.26, subd. 6 (2008), provides that the district public defender is to represent minors 10 years of age or older in juvenile court "when so directed by the juvenile court":

The district public defender shall represent, without charge, a defendant charged with a felony, a gross misdemeanor, or misdemeanor when so directed by the district court. The district public defender shall also represent a minor ten years of age or older in the juvenile court when so directed by the juvenile court.

Sections 611.14 and 611.26, taken together, specifically provide that minors ten years of age and older are entitled to representation by district public defenders in juvenile protection proceedings and require the district public defender to provide such representation when directed by the court. However, section 611.14 does not list parents among those entitled to a

public defender in juvenile protection proceedings. Nor does section 611.26 require the district court to appoint a public defender to represent—or a public defender to assume representation of—parents in juvenile protection proceedings. In the absence of express authorization, we decline to hold that indigent Indian parents have the right under either section 611.14 or section 611.26 to the appointment of a public defender, as opposed to private counsel, to represent them in juvenile protection proceedings.

Rice County argues that Minn.Stat. § 611.16 (2008) requires that S.L.J. have been appointed a public defender. Section 611.16 provides:

Any person described in section 611.14 or any other person entitled by law to representation by counsel, may at any time request the court in which the matter is pending, or the court in which the conviction occurred, to appoint a public defender to represent the person. In a proceeding defined by clause (2) of section 611.14 [appeals from convictions and postconviction proceedings], application for the appointment of a public defender may also be made to a judge of the Supreme Court.

*Id.* Because S.L.J. is entitled by federal law to representation, Rice County argues that she is "any other person entitled by law to representation," and therefore entitled to representation by a public defender.

The court of appeals concluded that section 611.16 was limited to persons involved in criminal cases, *S.L.J.*, 772 N.W.2d at 841, a construction that Rice County contends is impermissibly narrow. We agree with Rice County. By limiting the persons who may request the appointment of a public defender under section 611.16 to those who are defendants in criminal proceedings, the court of appeals

added a limitation to section 611.16 that is not expressly stated. Because S.L.J. is entitled under the ICWA to representation, she is a "person entitled by law to representation" and under section 611.16 could request appointment of a public defender.

However, it is Minn.Stat. § 611.18 (2008) that authorizes the district court to actually appoint a public defender. Under section 611.18, the appointment of a public defender is required

[i]f it appears to a court that a person requesting the appointment of counsel satisfies the requirements of this chapter, the court shall order the appropriate public defender to represent the person at all further stages of the proceeding through appeal, if any. For a person appealing from a conviction, or a person pursuing a postconviction proceeding and who has not already had a direct appeal of the conviction, according to the standards of sections 611.14 and 611.25, subdivision 1, paragraph (a), clause (2), the state public defender shall be appointed. For a person covered by section 611.14, clause (1), a district public defender shall be appointed to represent that person. If (a) conflicting interests exist, (b) the district public defender for any other reason is unable to act, or (c) the interests of justice require, the state public defender may be ordered to represent a person. When the state public defender is directed by a court to represent a defendant or other person, the state public defender may assign the representation to any district public defender. If at any stage of the proceedings, including an appeal, the court finds that the defendant is financially unable to pay counsel whom the defendant had retained, the court may appoint the appropriate public defender to represent

the defendant, as provided in this section.

Minn.Stat. § 611.18.

Rice County contends that because the district court found that S.L.J. satisfied the requirements of chapter 611, the district court was required under section 611.18 to appoint a public defender at state expense, rather than private counsel at county expense.[3] The district court found that S.L.J. was indigent, Native American, and entitled to legal representation in the juvenile protection proceedings. However, S.L.J. is not among those persons listed in section 611.14. Although section 611.16 allowed S.L.J. to request the appointment of a public defender, in the absence of language in section 611.14 that specifically grants her the right to representation by a public defender, we must affirm the district court. Nothing in chapter 611 requires the appointment of a public defender for indigent parents, even those who are entitled to counsel under the ICWA, in juvenile protection cases.

In reaching this conclusion, we are guided by the canon of statutory construction "expressio unius est exclusio alterius"— that the expression of one thing is the exclusion of another. *See In re Common Sch. Dist. No. 1317*, 263 Minn. 573, 575, 117 N.W.2d 390, 391 (1962). The Legislature has enumerated in sections 611.14 and 611.26 those persons entitled in both criminal and other proceedings to the appointment of a public defender, as opposed to private counsel, and indigent parents in juvenile protection proceedings are not among those enumerated persons. *In re Welfare of Children of: J.B. and R.P.; S.K.J. and J.N.T.; S.L.A.J. and B.J.T.,*

*Parents,* 782 N.W.2d 535, 541–44 (Minn. 2010).

## II.

■ We turn, then, to the question of whether Rice County is responsible for paying for the private counsel appointed for S.L.J. in this case. We conclude that the Legislature intended the cost of such representation to be the obligation of the county.

Minnesota Statutes § 260C.331 (2008) lists the expenses of juvenile protection cases that are charges upon the county, which include fees for court-appointed counsel. Minn.Stat. § 260C.331, subd. 3, provides:

The following expenses are a charge upon the county in which proceedings are held upon certification of the judge of juvenile court or upon such other authorization provided by law:

(1) the fees and mileage of witnesses, and the expenses and mileage of officers serving notices and subpoenas ordered by the court, as prescribed by law;

(2) the expense of transporting a child to a place designated by a child-placing agency for the care of the child if the court transfers legal custody to a child-placing agency;

(3) the expense of transporting a minor to a place designated by the court;

(4) reasonable compensation for an attorney appointed by the court to serve as counsel, except in the Eighth Judicial District where the state courts shall pay for counsel to a guardian ad litem until the recommendations of the task force created in Laws 1999, chapter 216, article 7, section 42, are implemented.

---

**3.** Rice County argues that S.L.J. did request the appointment of a public defender. As we have explained, under the statutory scheme, the fact that S.L.J. requested the appointment

of a public defender does not mean she is entitled to a public defender under section 611.14.

The state courts shall pay for guardian ad litem expenses.

Under the plain language of section 260C.331, subd. 3(4), the fees of private counsel appointed for indigent Indian parents in juvenile protection proceedings are to be paid by the county in which the juvenile protection case is venued.

Rice County first argues that this statutory provision is ambiguous and, read in its entirety, provides that the only expenses of counsel the county is required to pay are the expenses of counsel appointed for the guardian ad litem in a juvenile protection case. We disagree with Rice County that subdivision 3 is ambiguous. Under subdivision 3, the county is responsible for paying reasonable compensation of attorneys appointed to serve as counsel in juvenile protection cases venued in the county. Rice County's interpretation of subdivision 3 is also contrary to Minn.Stat. § 645.19 (2008), under which we are instructed that "[e]xceptions expressed in a law shall be construed to exclude all others." Section 260C.331, subd. 3(4) has only one exception, under which the state court system (rather than the county) pays for counsel appointed for guardians ad litem appointed in cases pending in the Eighth Judicial District. We decline to expand the narrow statutory exception that Rice County requests or proposes.

Rice County further argues that section 260C.331, as a whole, addresses only the costs and expenses of care for the child involved in the juvenile-protection proceeding, rather than attorney fees incurred in representation of the parent. At oral argument, Rice County suggested that the Legislature intended to further limit the attorney fees for which counties are liable under section 260C.331 to fees incurred on behalf of a child in proceedings other than the juvenile protection proceeding itself—

for example, while representing the child in probate court.

As support for this construction of section 260C.331, Rice County cites Minn. Stat. § 260C.007, subd. 22 (2008). Section 260C.007, subdivision 22, defines "legal custody" as "the right to the care, custody, and control of a child who has been taken from a parent by the court in accordance with the provisions of section 260C.201 [CHIPS proceedings] or 260C.317 [termination of parental rights proceedings]." Subdivision 22 also provides: "The expenses of legal custody are paid in accordance with the provisions of section 260C.331." Minn.Stat. § 260C.007, subd. 22. Rice County contends that subdivision 22 of section 260C.007 limits the expenses for which it is liable under section 260C.331 to those related to the custody of the child.

We do not read the definition of "legal custody" in section 260C.007, subdivision 22, to limit the expenses that are the responsibility of Rice County under section 260C.331. Rather, the references in section 260C.007, subdivision 22, to sections 260C.201 and 260C.317, simply help to define "legal custody." Rice County's argument that section 260C.331 addresses only the costs and expenses of custody of the child also reads an additional limitation into that statute that the Legislature has not made express.

For all the foregoing reasons, we hold that under Minn.Stat. § 260C.331, subd. 3(4), Rice County is obligated to pay the fees of private counsel appointed for the indigent parent in this juvenile protection proceeding.

## III.

Finally, we address Rice County's argument that, notwithstanding section 260C.331, under Minn.Stat. § 375.1691 (2008), Rice County cannot be required to

pay any expense for which the county board has not previously authorized payment. Section 375.1691 provides:

> Notwithstanding any law to the contrary, a judicial order compelling payment out of county funds shall not be paid unless approved by the county board, if a budget request for the item was not submitted to the county board prior to adoption of the budget in effect for the fiscal year. If the county board refuses to approve payment, the order may be paid in the first fiscal year for which a budget is approved after receipt of the order. This section does not apply to a judgment or other award against the county that is a result of litigation to which the county or a county official in an official capacity was a party.

Minn.Stat. § 375.1691. Rice County contends that the plain language of section 375.1691 precludes the county from having to pay court-ordered attorney fees in the absence of either approval by the county board or an appropriation of funds for such expenses, neither of which have occurred here.

Under Minn.Stat. § 645.44, subds. 15 and 16 (2008), we are to interpret "may" as permissive (subdivision 15) and "shall" as mandatory (subdivision 16) "unless another intention clearly appears," *id.,* subd. 1 (2008). In this case, we believe, another interpretation clearly appears. If Rice County is correct and nothing can be paid without approval by the county board, then the second sentence of section 375.1691— "If the county board refuses to approve payment, the order may be paid in the first fiscal year for which a budget is approved after receipt of the order"—is superfluous: so long as the county board refuses to approve payment, the ordered funds will simply never be paid. We hold that under Minn.Stat. § 375.1691, a judi-

cial order compelling the payment of county funds must be paid no later than the first fiscal year after the order is received by the county.

Affirmed.