*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0503**

Larry A Koch,
Appellant,

vs.

Riley Purgatory Bluff Creek Watershed District, et al.,
Respondents,

Hennepin County,
Respondent,

Carver County,
Respondent.

**Filed October 27, 2025**
**Affirmed**
**Schmidt, Judge**

Hennepin County District Court
File No. 27-CV-24-11405

John R. Neve, John Hayden, Quantum Lex PA, Minneapolis, Minnesota (for appellant)

Michael J. Welch, Louis N. Smith, Smith Partners PLLP, Minneapolis, Minnesota (for respondents Riley Purgatory Bluff Creek Watershed District, et al.)

Mary F. Moriarty, Hennepin County Attorney, Brittany K. McCormick, Assistant County Attorney, Minneapolis, Minnesota (for respondent Hennepin County)

Kristin C. Nierengarten, Squires, Waldspurger & Mace P.A., Minneapolis, Minnesota (for respondent Carver County)

        Considered and decided by Harris, Presiding Judge; Connolly, Judge; and Schmidt, Judge.

**SCHMIDT**, Judge

Appellant Larry A. Koch challenges the district court's order granting respondents Hennepin County and Carver County's motion for judgment on the pleadings. Koch also challenges the order granting respondents Riley Purgatory Bluff Creek Watershed District, Bonnie Nelson, and Jill Crafton's motion to dismiss. We affirm.

**FACTS**

Before reciting the particular facts of this case, we provide a brief background of the statutory framework for appointments to boards of managers for watershed districts. Minnesota Statutes chapter 103D (the Watershed Law) governs the management of watershed districts. Section 103D.311 (2024) of the Watershed Law authorizes counties within a given watershed district to appoint managers to fill vacancies on the watershed-district board. Minn. Stat. § 103D.311, subd. 2. When a vacancy on the board of managers arises, townships and municipalities within the watershed district nominate potential candidates. *Id.*, subd. 3(a). The county where the city or municipality is located then appoints—through the county board—a manager from the pool of eligible nominees to fill the vacancy. *Id.*

The statutory qualifications for a person to be appointed as a manager are: (1) the person must be "a voting resident of the watershed district" and (2) the person cannot be "a public officer of the county, state, or federal government, except that a soil and water conservation supervisor may be a manager." *Id.*, subd. 1. The statute requires the county to appoint individuals to board-manager positions that "fairly represent the various

2

hydrologic areas within the watershed district by residence." *Id.*, subd. 3(c). Once appointed to the board, a manager serves a three-year term. Minn. Stat. § 103D.315, subd. 6 (2024). There is no statutory provision for a manager to be reappointed. *See generally* Minn. Stat. §§ 103D.001-.925 (2024). Instead, a manager seeking to serve another term must go through the full appointment process laid out in section 103D.311.

We turn now to the circumstances of this case. Riley Purgatory Bluff Creek Watershed District includes 13 lakes and 3 watersheds located within parts of Hennepin County and Carver County. The Riley Purgatory Bluff Creek Watershed District board has five managers who are appointed on a staggered schedule. Hennepin County appoints four managers to the board, and Carver County appoints one manager to the board.

In 2018, Koch applied for a seat on the Riley Purgatory Bluff Creek Watershed District board. The City of Chanhassen nominated Koch to the list of eligible candidates, and Carver County appointed him to a three-year term. In 2021, Koch applied again, was added to the list of candidates, and was appointed to a second term by Carver County.

In July 2024, Koch applied to serve for a third three-year term. The City of Chanhassen nominated three applicants, but Koch was not among those nominated. Carver County selected Bonnie Nelson to serve on the board, and Hennepin County reappointed Jill Crafton to serve another term on the board.

After Carver County appointed Nelson, Koch disclosed his veteran status for the first time. Koch demanded that Carver County hold a hearing under the Veterans' Preference Act (Minn. Stat. §§ 197.03-.9961 (2024)) to determine whether the county considered his veteran status. Carver County denied Koch's demand for a hearing.

3

Koch filed a complaint suing Carver County, Hennepin County, the Riley Purgatory Bluff Creek Watershed District, Nelson, and Crafton. Koch alleged defendants violated (1) the Watershed Law by failing to consider the residence of the nominees; and (2) the Veterans' Preference Act by neglecting to account for the veteran status of the nominees. Koch also filed a petition for a writ of mandamus to enforce the same laws.

The Riley Purgatory Bluff Creek Watershed District, Nelson, and Crafton moved to dismiss Koch's complaint, arguing that Koch failed to state a claim upon which relief could be granted. The counties also moved for judgment on the pleadings asserting that (1) Koch lacked standing for his Watershed Law claim; (2) Koch's mandamus claim failed; (3) both counties sufficiently considered whether the nominees fairly represent the district; and (4) the Veterans' Preference Act does not apply to watershed-district-manager appointments.

The district court granted the motions and dismissed all of Koch's claims with prejudice. The district court also denied both of Koch's requests for writs of mandamus.

Koch appeals.

**DECISION**

Koch challenges the district court's decision to dismiss his claims in three ways. First, he argues that the district court erred in dismissing his Watershed Law claims against Hennepin County and Carver County. Second, Koch contends that the district court erred in dismissing his Veterans' Preference Act claims. Third, he asserts that the district court erred in dismissing his claims against the Riley Purgatory Bluff Creek Watershed District, Nelson, and Crafton. We address each argument in turn.

4

**I.**     **The district court did not err when it granted the counties' motion for judgment on the pleadings as to Koch's Watershed Law claim.**

Koch argues that the district court erred when it determined he lacked standing to bring a claim under the Watershed Law and when it determined that he failed to allege a viable mandamus claim. We disagree.

**A.**     **The district court did not err in dismissing Koch's complaint because he lacks standing.**

"To withstand a motion for judgment on the pleadings, [a plaintiff] must state facts that, if proven, would support a colorable claim and entitle[] [them] to relief." *Midwest Pipe Insulation, Inc. v. MD Mech., Inc.*, 771 N.W.2d 28, 31 (Minn. 2009). When reviewing an order granting judgment on the pleadings, "we consider only the facts alleged in the complaint, accepting those facts as true and drawing all reasonable inferences in favor of the nonmoving party." *Harkins v. Grant Park Ass'n*, 972 N.W.2d 381, 385 (Minn. 2022) (quotation omitted). "We review a district court's decision on a Rule 12.03 motion de novo to determine whether the complaint sets forth a legally sufficient claim for relief." *Burt v. Rackner, Inc.*, 902 N.W.2d 448, 451 (Minn. 2017) (quotation omitted).

A plaintiff can have standing in two ways: (1) "the plaintiff has suffered some 'injury-in-fact,'" or (2) "the plaintiff is the beneficiary of some legislative enactment granting standing." *State by Humphrey v. Philip Morris Inc.*, 551 N.W.2d 490, 493 (Minn. 1996). Koch argues that he has standing under both doctrines.

5

### 1. Koch has no injury-in-fact.

"An injury-in-fact is a concrete and particularized invasion of a legally protected interest." *Enright v. Lehmann*, 735 N.W.2d 326, 329 (Minn. 2007). Koch asserts that he has suffered two injuries-in-fact. We address each argument in turn.

First, Koch contends that he was injured when he was not reappointed for a third term. Koch cites no law or fact in support of his assertion that he suffered an injury-in-fact by not being reappointed to the watershed district board of managers. Instead, he makes generalized allegations that he was injured because his "residence on Lotus Lake places him squarely within the watershed affected by [the Riley Purgatory Bluff Creek Watershed District's] management decisions, giving him a unique stake in the district's compliance with its foundational governance statute." But as noted by the district court, Koch "cannot demonstrate that he has a legally protected interest in continuing in his appointed manager role either indefinitely or until the appointment process is redone." The district court properly rejected Koch's argument.

Second, Koch alleges he suffered an injury-in-fact because "all five managers . . . come from a single hydrologic area—Purgatory Creek," which violates the Watershed Law's requirement that the entire board of managers fairly represent the watershed district. But as the district court succinctly noted, Koch "himself is a resident of the same Purgatory Creek area; by his own arguments, his own appointment would cause the same alleged harm." The district court properly determined that Koch suffered no "concrete and particularized invasion of a legally protected interest." *Id.*

### 2. Koch has no statutorily conferred standing.

Koch asserts that he has legislatively conferred standing because Minnesota Statutes section 103D.545 provides a statutory cause of action for violations of a provision of chapter 103D. But Koch cites no caselaw in support of his argument that the statute creates a private cause of action to challenge the appointment process to a watershed-district board.

In *Roach v. County of Becker*, the Minnesota Supreme Court held that the legislature intended for section 103D.545 to create a means by "which private parties could challenge watershed district actions." 962 N.W.2d 313, 325 (Minn. 2021). The supreme court has not, however, recognized a private party's right to challenge a county's actions in the appointment of board managers under section 103D.545.

Even if section 103D.545 created a private means to challenge the appointment of board managers, Koch must allege facts to show that the counties violated section 103D.311. Koch's complaint includes a conclusory statement that the counties "failed to comply" with the statutory requirements, but Koch does not offer any specific facts to support that conclusion. As the district court noted, Koch's alleged injury based upon Nelson and Crafton's appointments falls short because Koch's own appointment would cause the same harm. Koch's complaint does not provide facts to demonstrate that the counties violated section 103D.311. The district court properly dismissed Koch's claims for a lack of standing.[1]

---

[1] Given our affirmance of the district court's standing ruling, we need not address Koch's arguments about the dismissal of his Watershed Law claims against the counties.

**B.    Koch failed to establish a viable mandamus claim.**

Koch argues that the district court erred when it denied his request for a writ of mandamus to enforce the Watershed Law.  "Mandamus is an extraordinary remedy, issued upon equitable principles in the exercise of sound judicial discretion.  But where a decision on a writ of mandamus is based solely on a legal determination, our review is de novo."  *In re Welfare of Child of S.L.J.*, 782 N.W.2d 549, 553 (Minn. 2010) (citation omitted).

To obtain a writ of mandamus, Koch needed to establish that (1) the counties "failed to perform an official duty clearly imposed by law[,] (2) that, as a result, [Koch] suffered a public wrong specifically injurious to [himself,] and (3) that there is no other adequate legal remedy."  *Spann v. Minneapolis City Council*, 979 N.W.2d 66, 78 (Minn. 2022) (quotation omitted).  If Koch failed to prove the violation of a duty clearly established by law, then the second and third factors need not be considered.  *Minn. Voters Alliance v. County of Ramsey*, 971 N.W.2d 269, 281-82 (Minn. 2022).

Koch argues that he satisfied the first *Spann* factor because the counties have a "mandatory" duty to appoint managers who "fairly represent the various hydrologic areas within the watershed district by residence."  We are not persuaded.

It is true that section 103D.311, subdivision 3(c), includes mandatory language.  *See* Minn. Stat. § 103D.311, subd. 3(c) ("Managers of a watershed district entirely within the metropolitan area *must* be appointed to fairly represent the various hydrologic areas within the watershed district by residence of the manager appointed." (emphasis added)).  But Koch's complaint does not present facts that, if proven, could show that the counties appointed board managers who failed to meet these requirements.  The statute does not

define "hydrologic area." *See* Minn. Stat. § 103D.011. Koch creates his own definition of the term "hydrologic area," suggesting the term is synonymous with "creek," but Koch cites no authority supporting his personal definition of the term, and the district court declined to apply Koch's proposed definition. As such, Koch's request for a writ of mandamus fails because Koch has not pleaded facts that would show that the counties failed to perform an official duty under the law.[2]

## II. The district court did not err when it granted the counties' motion for judgment on the pleadings as to Koch's Veterans' Preference Act claim.

Koch next argues that the district court erred when it determined that the Veterans' Preference Act does not extend to watershed district managers. Koch also argues that the district court erred in denying his Veterans' Preference Act-related mandamus petition. We address each argument in turn.

---

[2] None of the parties argue that *City of Circle Pines v. County of Anoka*, 977 N.W.2d 816 (Minn. 2022) controls our analysis. We agree. In *Circle Pines*, the supreme court held that counties must choose managers from a list of nominees, *unless* the nominees on the list could not fairly represent the hydrologic areas. 977 N.W.2d at 828. Koch's overall argument appears to embrace *Circle Pines* by claiming that the two newly appointed members cannot fairly represent the hydrologic areas in the watershed district because they reside in the same hydrologic area. But Koch offered no allegations that the counties failed to consider whether the entire board adequately represented the various hydrologic areas. And Koch sought his own appointment to the board even though he also resides in the same hydrologic area. In addition, Carver County's appointment of Nelson filled Koch's vacant seat on the board, which demonstrates that the hydrologic area that Koch formerly represented—which he claims was a valid appointment—continues to be represented by Nelson. And, as we held, Koch lacks standing to challenge the counties' appointments to the board. Thus, *Circle Pines* has no bearing on our analysis.

9

**A.** **The Veterans' Preference Act does not apply to watershed district board managers, who are not "employees" of the watershed district.**

We review de novo the district court's dismissal on the pleadings of Koch's Veterans' Preference Act claim. *Burt*, 902 N.W.2d at 451. The Act provides preference in the hiring process to veterans who meet the minimum qualifications for employment "under the civil service laws, charter provisions, ordinances, rules or regulations of a county, home rule charter or statutory city, town, school district, or other municipality or political subdivision of this state." Minn. Stat. § 197.455, subd. 1(a). "The laudable purpose of this legislation was to give a well-earned preference in appointments in the public service to those who have honorably served the nation in its time of peril." *Winberg v. Univ. of Minn.*, 499 N.W.2d 799, 801 (Minn. 1993) (quotations omitted).

We have held that watershed districts are political subdivisions covered by the Veterans' Preference Act. *Dahle v. Red Lake Watershed Dist.*, 354 N.W.2d 604, 606 (Minn. App. 1984). But, by statute, watershed district board managers are not "employees" of the watershed district. The organization of the Watershed Law statutes distinguishes between "Managers," *see* Minn Stat. § 103D.315, and "Employees," *see* Minn. Stat. § 103D.325. As county-appointed "managers," the Veterans' Preference Act does not apply to the appointed board members. *See* Minn. Stat. § 197.46(d) ("[n]othing in section 197.455 or this section shall be construed to apply to . . . one chief deputy of any elected official or head of a department, or to any person holding a strictly confidential relation to the appointing officer."). The Veterans' Preference Act also distinguishes

10

between "boards" and "employees": "[a]ll officers, boards, commissions, and employees shall" comply with section 197.455.[3] *Id.* (f).

Koch contends he is also entitled to protection under the Veterans' Preference Act because honorably discharged veterans shall not "be removed from the position or employment except for incompetency or misconduct shown after a hearing[.]" *See* Minn. Stat. § 197.46(a). But Koch does not allege that he was removed from the board. Instead, Koch's statutorily defined three-year term ended.

In sum, Koch was not an "employee" of the watershed district and the Veterans' Preference Act does not apply to watershed district board managers. Koch was not entitled to the hearing he requested under the Veterans' Preference Act, and the district court did not err when it granted the counties' motion for judgment on the pleadings.

**B.      Koch failed to establish a viable mandamus claim.**

We affirm the dismissal of the writ of mandamus for the same reasons that we affirm the district court's dismissal of the Veterans' Preference Act claims on the pleadings. Since the Veterans' Preference Act does not apply to appointed board managers, Koch cannot show that the counties violated a duty clearly established by law.

---

[3] Koch argues that, under *Hall v. City of Champlin*, the Veterans' Preference Act point system applies to watershed district board manager appointments. 463 N.W.2d 502 (Minn. 1990). Koch's argument fails because *Hall* does not address the fact that board managers are not watershed district employees. Watershed district board managers are not hired through an open competitive process as contemplated by the Veterans' Preference Act. Instead, board managers are nominated by townships and municipalities to a list of eligible candidates and then counties appoint individuals from those lists. Minn. Stat. § 103D.311.

11

**III.    The district court did not err when it dismissed Koch's claims against the Riley Purgatory Bluff Creek Watershed District, Nelson, and Crafton.**

Finally, we address Koch's argument that the district court erred in dismissing his claims against the Riley Purgatory Bluff Creek Watershed District, Nelson, and Crafton. We review an order dismissing claims on the pleadings de novo. *Burt*, 902 N.W.2d at 451.

Koch argues that the district court erred when it determined the Riley Purgatory Bluff Creek Watershed District, Nelson, and Crafton "owed no enforceable legal duties under" the Watershed Law or the Veterans' Preference Act regarding the appointment of managers. Koch's arguments are not persuasive. The counties, not the board managers or the Riley Purgatory Bluff Creek Watershed District, are responsible for appointing watershed district board managers. As the district court stated, "[the Riley Purgatory Bluff Creek Watershed District], Nelson, and Crafton play no role in the nomination or appointment, can take no action or fail to perform an action that would give rise to a claim for damages, and have no duty to perform that could be compelled by a writ of mandamus." There are no facts in Koch's complaint that, when taken as true, raise claims against the Riley Purgatory Bluff Creek Watershed District, Nelson, or Crafton on which relief may be granted.

**Affirmed.**